New-Haven,
July, 1843.

Shelton
v.
Hoadley.

15  535
60  254

SHELTON *against* HOADLEY :

IN ERROR.

It is not the proper office of a bill of exceptions to bring up the whole case.

Therefore, where an action of book-debt was brought to the county court, to which the general issue was pleaded, closed to the court, and upon the trial, the question was, whether upon the facts proved by the plaintiff, which were admitted by the defendant, the former was entitled to recover, and the court found the issue for the defendant, and rendered judgment accordingly ; it was held, that the plaintiff could not bring up the case for revision in the superior court, by a bill of exceptions and a writ of error founded thereon.

The question as to the necessities of the wife, from which the assent and consequent liability of the husband may be inferred, is a matter of relative fact, depending upon the situation of the parties, as connected with their treatment of each other.

THIS was an action of book debt, brought by *Charles T. Shelton*, Esq. against *Abel Hoadley*, and tried in the county court of *New-Haven* county, *November* term, 1841, on the general issue closed to the court.

The plaintiff is an attorney and counsellor at law ; and his account exhibited, on the trial, consisted of charges for professional services rendered by him, for and at the request of *Amelia Hoadley*, then the lawful wife of the defendant, and with whom he had been living and cohabiting as his wife, until the 1st of *February*, 1841, when, upon complaint of *Ammi Hoadley*, that she threatened to kill him, and that he was in fear of bodily harm from her, she was legally arrested, and carried before a justice of the peace, who, on examination, required sureties of the peace and good behaviour from her, and on her refusing to find such sureties, by his warrant, committed her to gaol, there to remain until discharged by due order of law, or until the next session of the county court. Under this commitment she remained in gaol until the session of that court in *March*, 1841 ; and whilst she was so in gaol, the plaintiff, at her request, but without the knowledge of the defendant, rendered the services charged in the first item of his account, *viz.* " several consultations with your wife, *Amelia Hoadley*, while she was in gaol, $2,00." At the county court held in *March*, 1841, on motion of the attorney for the state, that said *Amelia* be further required to give sureties of the

HARVARD LAW LIBRARY

*New-Haven,*
*July, 1843.*

Shelton
*v.*
Hoadley.

peace and good behaviour, a hearing was had by the court, and upon such hearing, the plaintiff was employed by her, and was assigned by the court, to assist her in her defence, which he accordingly did, and charged, as a retainer and trial fee, $15,00. A further order of the court being made in the cause, the plaintiff charged a term fee of $4,00. These charges constituted the whole of the account.

The defendant knew of his wife's arrest, commitment and confinement in gaol; but never employed any counsel, in any stage of the proceedings, to act in her behalf; nor did he know, that she had consulted or employed the plaintiff to assist her, in any way whatever, until long after the services charged in his account were rendered; nor did the defendant ever assent to, or in any way ratify or approve of the employment of the plaintiff by her.

Upon these facts, which were admitted, the defendant claimed, that the plaintiff was not entitled to recover: and so the court decided, and rendered judgment in the cause for the defendant.

The plaintiff filed a bill of exceptions; and thereupon brought a writ of error in the superior court; which was reserved for the consideration and advice of this court.

The case came before this court, at its term in *New-Haven* county, in 1842, when written arguments were submitted, on the question of the defendant's liability, by *C. A. Ingersoll* and *W. J. Flagg,* for the plaintiff in error; and by *Kimberly,* for the defendant. The judges, upon consultation, differed in opinion upon the point discussed; and the case was held under consideration, until the next succeeding term of the court in *New-Haven* county. It was then decided as follows.

WILLIAMS, Ch. J. The original suit was brought by the plaintiff for professional services, rendered by him, for the defendant's wife. The issue was put to the court, and found for the defendant; and the plaintiff filed a bill of exceptions, and claims, that upon the facts therein stated, the court should have found the issue for the plaintiff.

If this was a subject matter of a writ of error, this court could hardly be called upon to revise a judgment, unless it appeared, that all the facts upon which that judgment was

founded, were before us. It is not stated in this bill of exceptions, that this was all the evidence produced in the court below ; and it is not our duty to presume it.

New-Haven,
July, 1843.

Shelton
v.
Hoadley.

But if we are to consider that it sufficiently appears, that this was all the evidence in the case before the court below, another objection would arise,—that the party could not, in this way, bring up for revision his whole case, whether tried by a justice of peace, or the county court.

Such a practice would defeat the object of the statute, in which, for the sake of preventing tedious litigation in small causes, an appeal is limited to causes wherein the demand exceeds a certain amount ; by which it was intended, that the lower court should have final jurisdiction within that amount. If it be said, that this effect might be prevented, by the refusal of the court to sign a bill of exceptions, in their discretion ; we answer, that if this practice is a legal one, then the party must have a right to his bill of exceptions, and the court cannot refuse it. But we think that it is not the proper office of a bill of exceptions to bring up the whole case.

A bill of exceptions ought to be on some point of law, either in admitting or denying evidence, or a challenge of some matter of law upon any fact not denied, in which either party is overruled by the court. It is not intended to draw the whole matter into examination again : it is only for a single point. *Bul. N. P.* 310. This doctrine has often been recognized in other states. *Graham* v. *Camman*, 2 *Caines*, 168. *Van Gorden* v. *Jackson*, 5 *Johns. R.* 468. *Frier & al.* v. *Jackson* d. *VanAllen*, 8 *Johns. R.* 507. where Chancellor *Kent* says, that the party excepting must lay his finger on those points which might arise, &c. *Jackson* v. *Cadwell*, 1 *Cow.* 339. *Law* v. *Merrills*, 6 *Wend.* 274. Like decisions have been often had in the state of *Illinois.* *Swafford* v. *Dovenor*, 1 *Scam.* 165. *Gilmore* v. *Ballard, Id.* 252. *Doe* d. *Ballingall* v. *Spraggins, Id.* 330.

More than fifty years since, this question was brought before our superior court and supreme court, with a similar result. *McDonald* v. *Fisher, Kir.* 339. *Wadsworth* v. *Sanford, Kir.* 456. And those decisions have repeatedly received the more recent sanction of this court. *Watson* v. *Watson*, 10 *Conn. R.* 75. *Picket* v. *Allen*, 10 *Conn. R.* 156. *Lyme* v. *East-Haddam*, 14 *Conn. R.* 394. It is not necessary to multiply

*Shelton*
*v.*
*Hoadley.*

authorities : it is to be hoped the question will now be at rest. (a)

In this case, the parties closed the issue to the court ; and this was the general issue ; and the plaintiff in error now claims to review it.

Suppose it had been closed to the jury ; it would not, we think, have been claimed, that a new trial should be granted as for a verdict against law. And if that could not have been expected, we do not see upon what better foundation this case could stand, were the bill of exceptions allowed to be regular.

The question before the court was, whether upon these facts, the husband was chargeable for services rendered to his wife, without his request. The general rule is, that the husband is not liable, without his assent, express or implied. 1 *B. & P.* 226. note.

This assent, however, may be inferred from circumstances ; such as the necessity the wife stood in for them, and the relative situation of the parties, as connected with the treatment of each other. Here, as well as in the case of infancy, the question of necessaries is a relative fact, depending upon the standing and circumstances of the party. *Ford* v. *Fothergill,* 1 *Esp. Ca.* 211.

It would have been a proper question upon all the facts for the jury to decide, had it been submitted to them ; and now it was equally proper for the judge, when the parties chose to put the issue to him. Whether this court would, upon the facts stated, have come to the same result, we do not intimate ; because we say, without hesitation, that if there has been any mistake, this is not the way to correct it.

We, therefore, advise the superior court, that there is no error in the judgment complained of.

In this opinion the other Judges concurred.

Judgment affirmed.

(a) This point is, no doubt, sufficiently settled by authority ; but is it always regarded in practice ? Were not the cases of *The City of Bridgeport* v. *The Housatonic Rail-Road Company, ante* 476., decided almost simultaneously with this, and of *Oxford* v. *Bethany, ante* 247. decided the year before, obnoxious to the same objection ? In cases like these, especially the former, where the amount demanded in the pending suit is below the original or appellate

New-Haven,
July, 1843.

jurisdiction of a higher court, but where the principle involved in the decision, and indeed the decision itself, remaining in force, may controul property to a vast amount, some such mode of revision seems desirable; particularly, where the matter of defence amounts to the general issue, and cannot, therefore, be pleaded specially, and in this way lay the foundation of a writ of error. R.