SUSAN A. THORPE *vs.* GEORGE A. SHAPLEIGH.

York. Decided March 31, 1877.

*Husband and Wife.*

The husband is liable for necessaries furnished a wife, who for good and sufficient cause has left his bed and board.

One cannot furnish articles which are not necessaries and recover a fraction of their value because they might have answered the purpose of other articles which would have been necessaries.

The articles furnished must be necessaries, suitable and proper, regard being had to the condition of the parties, else no recovery can be had.

ON EXCEPTIONS.

ASSUMPSIT for supplies claimed to have been furnished by the plaintiff to the wife and minor child of defendant, from June, 1871, to June, 1874, $2,883. Verdict for the plaintiff. It was in proof and not controverted that during the earlier part of the time included in the account, the wife of defendant was lessee for her own life, at a nominal yearly rent, of a dwelling house, valued at $3000, fully furnished, (furniture valued at $1000) in Lebanon, in this county, with three or four acres of land; that during the currency of plaintiff's account defendant's wife was owner in fee of said property, not received from her husband or his relatives, and just prior to the beginning of the furnishing the support charged for in the largest item of plaintiff's account, said property was conveyed by deed in usual form by defendant's wife, without money consideration, to the plaintiff, who, it was claimed by plaintiff, held the same under such conveyance, and in trust only created for

Mrs. Shapleigh's children, then, and ever since, and still holds the same.

The defendant requested the court to instruct the jury that

1. "Plaintiff cannot recover for any alleged necessaries furnished to defendant's wife, while she (defendant's wife) was the owner of a dwelling-house and land, which she omitted to appropriate to the relief of her necessity.

2. "Plaintiff cannot recover for the support of Mrs. Shapleigh or son, furnished after and while she had in her hands the Lebanon property, without applying the same or its proceeds toward payment thereof.

3. "If the admitted value of property conveyed without consideration, actually paid, by Mrs. Shapleigh to plaintiff, exceeded the amounts of the items for $850, and the succeeding item for $100, plaintiff cannot recover here for any part of these items."

These instructions, and each of them, the court declined to give, and gave no equivalent instructions.

It was claimed by defendant that the articles in proof, as having been furnished by plaintiff, comprising among others a silk dress costing $50 or over, a flannel dress, costing over $30, were not reasonably suitable in kind, quality, or quantity, and he requested the court to instruct the jury that

4. "If the articles charged for in plaintiff's account were not reasonably suitable in kind, quality, or quantity, plaintiff can not recover therefor even so much as would have supplied suitable articles."

This the court declined to give, but did instruct the jury that although the articles actually furnished were not reasonably suitable in kind or quality, defendant would be liable for the price of articles reasonably suitable in kind or quality.

It was in proof that the largest item of the account accrued while journeying in Europe, and defendant requested the instruction,

5. "No part of the expenses of the trip to Europe, or the board or support, or clothing furnished during and while on that tour can be recovered here, because they cannot constitute necessaries."

This the court declined to give, but permitted the jury to find,

under this item, such a sum as was equivalent to reasonable expenses of board and clothes at Lebanon.

The verdict was for the plaintiff; and the defendant alleged exceptions.

*G. C. Yeaton*, for the defendant.

*W. J. Copeland*, for the plaintiff.

APPLETON, C. J. This is an action of assumpsit for supplies furnished the wife and child of the defendant. There is no pretense of any express promise to pay on his part. The only ground upon which a recovery is sought is that the wife with her child left the defendant for good and sufficient cause, and that the husband is liable for necessaries furnished for her support and that of her child suitable to her situation and his condition in life.

It appears that during part of the time during which the plaintiff's account accrued that the defendant's wife was the owner of a house in Lebanon, worth $3000, and was possessed of furniture of the value of $1000.

The defendant requested the court to instruct the jury that "the plaintiff cannot recover for any alleged necessaries furnished to defendant's wife, while she was the owner of a dwelling house and land which she omitted to appropriate to the relief of her necessity."

The request was properly refused. When a husband wrongfully turns his wife away, he is by law liable for her support. A dwelling-house would seem to be as much a necessity for a wife and family to protect her from the inclemencies of the weather, as food to save her from starvation. The request implies an obligation to appropriate what is in and of itself a necessity to procure other necessaries, which would not be more needed than the one omitted to be appropriated. Whether if the wife had sufficient means of her own, or was able to earn a living for herself, the husband would be liable to support her has been questioned. *Johnston* v. *Sumner*, 3 H. & N. 261. *Liddlow* v. *Wilmot*, 2 Stark. 86. 1 Chitty on Con. 241. But it is not necessary to determine this question.

Further, the request presents a question of fact to be passed upon by the jury and not of law for the court.

The objection is taken that the articles of clothing which were furnished, were not necessaries. If the husband abandons the wife or by his ill treatment compels her to leave his house, he is liable for her necessaries and gives her a general credit to that extent. Such is the general rule. But for any thing beyond necessaries, he is not chargeable.

The objection being taken that certain articles furnished by the plaintiff were not reasonably suitable in kind, quality or quantity, the presiding justice instructed the jury "that although the articles actually furnished were not reasonably suitable in kind and quality, the defendant would be liable for the price of articles reasonably suitable in kind and quality."

This suit is for necessaries furnished. The issue is, were the articles furnished necessaries. If an article furnished is not a necessary, the defendant is not liable therefor. The credit, the husband gives his wife, is a limited not a general credit. So, too, if more goods are furnished than are necessary, the husband·is not liable for the excess. *Eames* v. *Sweetser*, 101 Mass. 78. It is for the jury to determine whether the articles furnished are necessaries in kind and in quantity. Their verdict is to be for what was furnished, not for what might or should have been furnished.

The substance of the instruction was that the husband, while not liable for what the plaintiff furnished because not necessary, might be liable for what she did not furnish or for so much of what she did furnish as would be an equivalent of what he ought to have furnished. The articles were necessaries or they were not. If not, they should not have been furnished. The defendant is not liable for them, nor is he liable for a fraction of their value. Still less can he be made responsible "for the price of articles reasonably suitable in kind and quality" which he did not furnish because he furnished articles not reasonably suitable in kind or quality, which might have been of utility to the wife. The instruction given was manifestly erroneous.

"That the husband is liable for necessaries furnished to the wife such as necessary food, drink, clothing, washing, physic, instruction and a suitable place of residence, with such necessary furniture as is suitable to her condition, there is no doubt." *Ray* v.

*Adden,* 50 N. H. 82, 83. The wife in the case at bar had a suitable place of residence with necessary furniture. As there must be a new trial, it is not necessary to consider how far the husband of a wife thus situated would be responsible for the expenses of such wife and her child incurred by her in voluntarily journeying over Europe on a pleasure trip. Whether those expenses are necessaries may be a matter for the jury, under appropriate instructions. *Exceptions sustained.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY JJ., concurred.