THOMAS M. BAKER *vs.* JOHN CARTER.

Kennebec.    Opinion December 25, 1890.

*Husband and wife. Agency. Supplies.*

A husband is liable for articles furnished and delivered to his wife while residing with her husband, necessary and proper, though charged to herself.

A wife while living with her husband is presumed to be vested with an agency authorizing her to purchase on his credit such supplies as were necessary for herself and family.

ON MOTION.

The defendant moved for a new trial after a verdict was rendered against him in the Superior Court, for Kennebec

County, in an action to recover for groceries furnished by the plaintiff, and, as appeared by the testimony, were ordered by his wife and consumed in his family.

It was admitted that the account was originally opened with the wife previous to her marriage, under the name of Fowler, and that it was continued subsequent to her marriage with the plaintiff, in her married name.

There was also evidence, on the part of the defendant, that he never authorized his wife to make the purchases; that he knew nothing of or about it; and that the wife owned the farm where they resided. It also appeared that the defendant is a pensioner of the United States and had received a large sum for back pay, &c.

*E. W. Whitehouse*, for defendant.

Counsel cited: *Parker* v. *Simonds*, 1 Allen, 258; *Yates* v. *Lurvey*, 65 Maine, 221.

*F. E. Southard*, for plaintiff.

The jury found, under an appropriate charge, that the goods furnished were necessaries. Husband is liable although the wife expressly promise to pay for them.

FOSTER, J. During cohabitation a wife has ordinarily a *prima facie* agency to purchase on her husband's credit such supplies as are necessary for herself and family. This rule of law is based largely on the fact that it is customary to intrust a wife with the management of the household. While living together the law presumes the husband's assent to contracts made by the wife for necessaries. This agency, however, is limited to articles that are reasonably necessary for her or the family, and does not extend to business contracts, nor to purchases beyond what may be regarded as suitable to their situation and condition in life.

In *Furlong* v. *Hysom*, 35 Maine, 332, it was held that the husband was liable for articles furnished and delivered to a married woman residing with her husband, necessary and proper for her, though charged to herself, and that the jury were

authorized to infer an authority to the wife from the husband to purchase the goods on his credit.

True, the agency of the wife to purchase necessaries, is only presumptive and may be disproved by the husband by showing that he had abundantly supplied the house with all things necessary and suitable ; or that he had furnished the wife with ample ready money for the purpose, and requested her not to purchase on credit ; or had provided suitable places where all things necessary could be had, and forbidden her to purchase elsewhere. Though the mere fact that he privately forbade her to act for him will not relieve him from liability where it appears that he has recognized her agency, or has in some way allowed her to appear to have charge of his house. The husband in the view of the law is the head of the house, and has a right to control the affairs of his own household. Nevertheless, while he has a right to say when and how his house shall be supplied, he can not repudiate his obligation altogether.

In the present case he had made no such provision as would relieve him from liability for the acts of the wife in making the purchases. The jury might very properly infer such agency. The case falls within that of *Furlong* v. *Hysom, supra.*

> *Motion overruled, judgment on the verdict.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.