No. 1,557.

## WATTS v. MOFFETT ET AL.

HUSBAND AND WIFE.—*Agency.—Liability of Husband for Wife's Contracts.—Necessaries.*—During cohabitation, a presumption of law arises that the husband assents to contracts made by the wife for the supply of articles suitable to their means and station in life, and this presumption may be further strengthened by the conduct of the husband through a series of years in permitting his wife to exercise such power, and acquiescing therein.

SAME.—*Agency.—Revocation of Wife's Authority.— When Not Binding on Third Parties.*—Although such agency of the wife be revoked by the husband, the revocation could not be effectual as to third parties if they continued to deal with the wife as an agent in reliance upon authority as such, unless the revocation was made known to them.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.—Cumulative Evidence.*—That the motion for new trial because of newly discovered evidence does not show reasonable diligence, and that the proposed evidence is merely cumulative, see opinion.

From the Jefferson Circuit Court.

*J. McGregor, A. D. Vanosdal* and *H. Francisco,* for appellant.

*C. E. Walker* and *J. W. Linck,* for appellees.

GAVIN, J.—Appellees recovered judgment for goods sold and delivered. Appellant's motion for new trial raises the only questions presented here.

The goods were purchased by the wife or by the children of appellant in the wife's presence and by the direction of the wife and were such as were ordinarily used for family and household purposes.

The bill covered the period from May 29, 1891, to the close of 1892, most of the goods being purchased in 1892.

The contention of counsel is that appellant is not bound by the purchases made upon his credit, because there was neither an agency in fact nor one *ex necessitate,*

such as would justify appellant's being held bound for the goods. It is unnecessary for us to take up and discuss the limits of the doctrine of the agency of a wife arising *ex necessitate*, but we will confine ourselves to the consideration of whether or not appellant is liable upon the general principles of agency. It must here be kept in mind that it is not the province of this court to weigh conflicting evidence and determine where lies the preponderance. We are simply authorized to declare the law upon those facts as to which there is some evidence fairly supporting the finding of the trial court or jury. *Smith* v. *Stump*, 12 Ind. App. 359, and cases cited.

The appellant and his wife had been married twenty years, and were living together in the city of Madison with their six children.

There is evidence that appellant's wife and children had run bills at appellees' stores and others for many years prior to the commencement of this bill and that all had been regularly paid by appellant without question, so far as the evidence discloses, except the bill of appellees last preceding the one in suit. On the presentation of that bill it is asserted by appellant that he directed appellees explicitly not to sell his family any more goods on his account. This statement, however, is flatly denied by the appellee, to whom it is said to have been made, he asserting that the dissatisfaction and anger then expressed by appellant was founded upon his having formerly paid for the same goods twice. From the circumstances disclosed in the record, the marriage and cohabitation of the parties, the long continued practice of purchases made by the wife on credit and the regular payment of the bills by the husband, we think there can be no doubt but that the court correctly found that the wife was, during a period of many years, authorized to purchase household and family supplies

upon the husband's credit. The existence of the agency in those years does not in this case rest merely upon the presumption arising from their cohabitation, although it was said in *Litson* v. *Brown*, 26 Ind. 489, that "during cohabitation there is a presumption of law arising from that fact that the husband assents to contracts made by the wife for the supply of articles suitable to their means and station in life."

This presumption is further strengthened by the conduct of appellant through a series of years in permitting his wife to exercise this power and acquiescing therein. The husband having held out the wife as his agent by his previous dealings with appellees, they were entitled to continue to so regard her until otherwise informed. Schouler's Husb. and Wife, sections 106, 120; *Bergh* v. *Warner*, 47 Minn. 250; *Anthony* v. *Phillips*, 17 R. I. 188. .

It is undeniably established by the evidence that about the time of the presentation of the last preceding bill of $160, probably one or two years before the commencement of the bill in suit the wife and children were expressly forbidden by appellant to purchase anything on credit at appellees' store. Thus the agency, regarded simply as an ordinary agency created by the consent of appellant, was undoubtedly revoked. *Segelbaum* v. *Ensminger*, 117 Pa. St. 248. But this revocation could not be effectual as to appellees if they continued to deal with the wife as an agent in reliance upon her authority as such, unless its revocation was made known to them.

As to those dealing with the agent in ignorance of the changed condition of affairs the principal under such circumstances is bound by the agent's act, even after the revocation of the authority. *Pittsburgh, etc.,R. W. Co.* v. *Berryman*, 11 Ind. App. 640; *Springfield Engine and*

*Thresher Co.* v. *Kennedy,* 7 Ind. App. 502; *Ulrich* v. *McCormick,* 66 Ind. 243; *North Chicago, etc., Co.* v. *Hyland,* 94 Ind. 448; *Baker* v. *Carter,* 83 Me. 132.

In the case of *Clark* v. *Cox,* 32 Mich. 204, the only question involved was the liability of the husband for necessaries *ex necessitate* where he had in fact supplied his wife's needs otherwise. There was there neither express authority nor implied authority arising from previous dealings.

The appellant, it is true, testified that he did notify appellees of this revocation, but, as we have said, this is expressly denied. The finding of the trial court upon the issue of fact thus formed must be by us regarded as conclusive in favor of the appellees, who also denied having seen the printed notice.

We have given to the evidence and brief of counsel quite careful consideration and are unable to disturb the finding upon the evidence.

One cause for new trial was based upon newly discovered evidence, that of a witness who heard the conversation between the appellee and appellant at the presentation of the $160 bill, the occasion when appellant said he notified appellee not to sell further to his family upon credit.

The conversation occurred in the office room of appellant's livery stable and was overheard by the proposed witness, who was a stable hand in appellant's employ and at the time engaged in work about the stable, but outside the office, the door of which was open. Appellant, on the occasion, was angry and talked loud. Appellant had never made any inquiry concerning the witness' knowledge of the transaction because he did not know he had heard it. We are strongly of the opinion that reasonable diligence would have required him to take notice that such a loud and angry talk might easily

have been overheard by his employe working in the stable, and that he should, therefore, have inquired concerning his knowledge before the trial. Be that, however, as it may, we are compelled, under the authorities, to regard the newly discovered evidence as cumulative merely, and, therefore, not such as will authorize the granting of a new trial. The witness simply proposed to testify to that to which appellant had himself sworn on the trial.

The precise question thus presented was decided adversely to appellant in *Fox* v. *Reynolds,* 24 Ind. 46, after a full discussion of the principles involved. This case has been followed as to this proposition in *Atkisson* v. *Martin,* 39 Ind. 242; *Winsett* v. *State,* 57 Ind. 26; *Schnurr* v. *Stults,* 119 Ind. 429.

Counsel rely upon *Kochel* v. *Bartlett,* 89 Ind. 237. It may be said of this case that it does not appear from the opinion that the matters to which the new witness proposed to testify were the same transactions and conversations to which the party had testified on the trial, nor do the cases cited therein sustain any different rule from that we here declare.

If there should, however, be deemed any conflict between that and the earlier cases, the later case of *Schnurr* v. *Stults, supra,* must be regarded as restoring the authority of the earlier decisions.

The judgment is affirmed.

Filed April 23, 1895.