(28 Misc. Rep. 535.)

### GRAHAM v. SCHLEIMER.

#### (Supreme Court, Appellate Term. July 26, 1899.)

1. LIABILITY FOR WIFE'S DEBT.

> Though a husband provides his wife a weekly allowance besides paying household expenses, and notwithstanding Laws 1896, c. 272, § 21, whereby a married woman may contract as if unmarried, he is liable for a silk dress bought by her, if it be a necessary, which is a question for the jury.

2. SAME.

> A husband who, without objection, allows his wife to wear articles in his presence, and with his knowledge, which he would ordinarily be liable to pay for as necessaries, is liable to pay for them, on the ground of ratification of purchase.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Mary A. Graham against Abraham B. Schleimer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Abraham B. Schleimer, in pro. per.

Henry Brill, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff, a dressmaker, to recover for services rendered and materials furnished in making a silk dress for the wife of the defendant. The appellant insists that the action cannot be maintained against the husband, but that the wife alone is liable, and claims that the articles in question are not what are known as necessaries, it having been shown that the husband provided his wife with a weekly allowance, besides paying the household expenses. The defendant is an attorney and counselor at law, and the articles in question were contracted for by his wife, with whom he is living, and whom he cares-for, and were worn in his presence, without objection made by him. It is true that under the statute a married woman may make contracts, transact business, and exercise all the powers, and enjoy all the rights in respect to her property and her contracts, as if she were unmarried. Laws 1896, c. 272, § 21. This statute, however, does-not absolve the husband from liability for such articles as she may purchase for herself, if they are suitable in quantity and quality to the station of the wife in life, the means of her husband, and the manner in which he permits her to live. Moreover, if a husband allows his wife to wear articles in his presence, and with his knowl-

edge, which he would ordinarily be liable to pay for as necessaries, and he makes no objection, he will be liable to pay for them, for his permission to her to retain and enjoy them without objection is equivalent to a ratification of the purchase. Ogden v. Prentice, 33 Barb. 160. In every case it is a question for the jury or for a court sitting in the place of a jury, whether, under all the circumstances, the articles supplied to the wife, and for which it is sought to make the husband liable on his implied authority to her, are or are not necessaries. In the case at bar the question of fact was decided in favor of the plaintiff, and there does not appear any sufficient reason for disturbing the decision.

The point raised by the appellant that judgment was not rendered within eight days, is not well founded. The return shows that the hearing was adjourned for the submission of briefs until May 16, 1899, and that judgment was rendered on May 24, 1899, being within the time allowed by statute.

Judgment affirmed, with costs. All concur.