ELLENBOGEN v. SLOCUM et al.

(City Court of New York, Special Term. March, 1910.)

1. HUSBAND AND WIFE (§ 235*)—NECESSARIES—QUESTION FOR JURY.
   Whether a husband, living with his wife, is liable for necessaries furnished his wife, is a question of fact, to be determined from the circumstances.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 850; Dec. Dig. § 235.*]

2. HUSBAND AND WIFE (§ 19*)—NECESSARIES—DEFENSE.
   Where a husband lives with his wife, and necessaries are furnished her, and the husband is sought to be charged therefor, he may show in defense that he has supplied the necessaries to which his wife was entitled, either by buying the necessaries himself, or by giving her the money therefor.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

3. HUSBAND AND WIFE (§ 19*)—NECESSARIES—CREDIT TO WIFE—LIABILITY OF HUSBAND.
   In the absence of any contract with the wife, the common-law liability of a husband for the suitable support of his wife still remains, and that liability continues, unless there is an express contract with the wife; and where the contract is primarily with the wife, and credit given to her, the seller cannot shift the liability to the husband.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PLEADING (§ 345*)—JUDGMENT ON PLEADING—ACTION FOR NECESSARIES.

Under Code Civ. Proc. § 547, providing that, if either party is entitled to judgment on the pleadings, the court may at any time after issue joined give judgment accordingly, where a complaint against a husband and wife for necessaries furnished the wife shows that credit was given solely to the wife, and the complaint is silent as to any credit given to the husband, except the allegation that defendants are justly indebted to the plaintiff, judgment is properly given for the husband on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Action by Abram Ellenbogen against Wallace W. Slocum and another. On motion for judgment on the pleadings. Motion granted.

Churchill & Marlow, for plaintiff.

Frederick P. Schenck, for defendants.

FINELITE, J. This is a motion for judgment on the pleadings under section 547 of the Code of Civil Procedure.

The action is predicated, as appears from the complaint, for money loaned to the defendant Anna B. Slocum for the purchase of necessaries by the plaintiff's assignor. The complaint alleges two separate and distinct causes of action: First, to recover the sum of $200, with interest from the 21st day of December, 1905; second, to recover the sum of $300, with interest from the 30th day of December, 1905. Nowhere does it appear upon the face of the complaint that the said money was loaned to the husband as codefendant; but by the sixth paragraph of the first cause of action and in the ninth paragraph of the second cause of action it is alleged that the defendants are now justly indebted to the plaintiff in the sums of $200 and $300, respectively.

The defendant Wallace W. Slocum interposes an answer to the complaint, admitting that the defendants were husband and wife; that demand was made upon him for the amounts aforesaid; third, alleging affirmatively that he furnished his wife with all necessaries and such cash as was required to pay for such necessaries as was suitable for her position.

Section 547 of the Code of Civil Procedure reads:

"If either party is entitled to judgment upon the pleadings the court may, upon motion, at any time after issue joined, give judgment accordingly."

This section of the Code was added by chapter 166 of the Laws of 1908. By this section a motion made upon the pleadings was to obviate a delay awaiting the case to be reached upon the calendar for trial, thus disposing of the action immediately upon issue joined. See Mitchell v. Dunmore Realty Co., 60 Misc. Rep. 564, 112 N. Y. Supp. 659.

The plaintiff relies upon the case of Kenny v. Meislahn, 69 App. Div. 572, 75 N. Y. Supp. 81. In that case the defendant had abandoned his wife and neglected to support her. The question was whether the plaintiff, who had advanced money to the defendant's wife with which to pay board which the wife owed, could recover

against him for the money so advanced. The question arose upon a motion to dismiss, made at the time of the trial. The motion was denied. Upon appeal to the Appellate Division from the judgment entered in favor of the plaintiff, Hirschberg, J., in writing the opinion for the court confirming the judgment, says:

"The question appears to have been decided in favor of the recovery by the former General Term of the First Department in Wells v. Lachenmeyer, 2 How. Prac. (N. S.) 252, wherein the court says: 'It is a question of fact for the jury to determine whether or not such advances were made because of the wife's necessities, and under such circumstances that the same should be chargeable to the husband. It was not necessary to show that the plaintiff herself made the purchase. If he handed money to the wife for that purpose, that is equivalent, we think, to the act of furnishing the necessaries. The jury might well have found on the evidence that some portion at least of the money so advanced was directly applied to the specific object, to wit, the purchase of clothing and of necessaries by the wife.'"

This case was decided in the March term, 1902, in Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, reversing a judgment in favor of the defendant entered upon a verdict and granting a new trial (73 App. Div. 60, 76 N. Y. Supp. 390), which was an action brought to recover the purchase price of goods sold by the plaintiff to the defendant's wife in the city of Philadelphia without defendant's knowledge or consent. The facts in that case show that the defendant and his wife resided in the city of Rochester, and at the time the goods were purchased lived together as husband and wife. It was claimed on behalf of the defendant that, while the goods might ordinarily be deemed necessaries, they were not in fact such, for the reason that the defendant lived on his salary of $2,000 per year, out of which he delivered to his wife $1,500, in monthly installments of $125, with which to supply his table and purchase her necessary wearing apparel. At page 82 of 176 N. Y., and page 137 of 68 N. E. (65 L. R. A. 529, 98 Am. St. Rep. 621), in this case, Haight, J., writing the opinion, says:

"Schouler on Husband and Wife, § 107, sums up the authorities upon the subject as follows: 'Not only is the husband permitted to show that the articles in controversy are not such as can be considered necessaries, but he may show that he supplied his wife himself or by other agents, or that he gave her ready money to make the purchases. This is on the principle that the husband has the right to decide from whom and from what place the necessaries shall come, and that as long as he has provided necessaries in some way his marital obligation is discharged, whatever may be the method he chooses to adopt. Accordingly, in the class of cases which we are now considering, namely, where the spouses dwelt together, so long as the husband is willing to provide necessaries to his own home, he is not liable to provide them elsewhere. In general, while the spouses live together, the husband, who supplies his wife with necessaries suitable to her position and his own, is not liable to others for debts contracted by her on such an account without his previous authority or subsequent sanction'" (citing cases).

The conclusions reached in these cases are in accord with the rule as stated by Schouler and some of the decisions alluded to in this state, and we incline to the view that the rule recognized by them is a safer and better rule to follow. It compels the husband to pay in a proper case, and at the same time affords him some financial protection against the seductive wiles exercised by tradesmen to induce ex-

travagant wives to purchase that which they really do not need. We do not participate in the alarm which appears to have possessed the learned justices of the Appellate Division on account of the possible inquisitorial examination to which the wives may be subjected. The anxiety of tradesmen to sell will be sufficient to protect them, from any improper "inquisitorial examination." If a wife was going to the merchant to trade, with whom she is acquainted, and with whom she has been accustomed to trade, upon the credit of her husband, she may still continue to do so until the husband gives notice prohibiting the merchant from longer giving credit to her. "But when she goes to a stranger, with whom she has never traded before, and where subsequently there is no implied authority on the part of the husband to give her credit, and seeks to purchase upon her husband's credit, it is but reasonable and proper that she disclose to the merchant her authority therefor, or for the merchant to request such disclosure. * * * And if in such a case the husband, in defense to the action, says the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with ready money with which to pay cash therefor, the question of her agency is one of fact, and is not a conclusion of law to be drawn from the marital relation." Martin v. Oakes, 42 Misc. Rep. 201, 85 N. Y. Supp. 387.

In the absence of any contract with a wife, the common-law liability of a husband for the suitable support of his wife still remains, and such liability continues, unless there is an express contract between the wife and the person for furnishing the articles necessary for her suitable support (Strong v. Morel, 51 Hun, 644, 4 N. Y. Supp. 299), and that liability continues unless there is an express contract with the wife; and where the contract is primarily with the wife and credit is given to her by the plaintiff, he cannot now ignore that contract and shift the liability to the husband (Byrnes v. Rayner, 84 Hun, 199, 32 N. Y. Supp. 542).

It appears from the complaint on the motion before me that a credit was given solely to the defendant Anna B. Slocum, and not to the defendant Wallace W. Slocum, her husband, and this suit is against her as defendant on that theory. The complaint is silent as to any credit given to the husband of the codefendant, with the exception, as already pointed out, under paragraph 6 of the first cause of action and paragraph 9 of the second cause of action, alleging that the defendants are now justly indebted to the plaintiff. These allegations in said paragraphs, standing by themselves, are solely a question of law, and not a question of fact. The money having been advanced to the wife upon her own contract, although the same may be for necessaries, it cannot be implied that she acted as the agent for the codefendant, her husband, and under no circumstances, under the decisions cited, can the plaintiff succeed in this action against the husband.

Motion for judgment on the pleadings must be granted, with costs. Settle order on one day's notice.