# COOPER *v.* HASELTINE ET AL.

### [No. 7,563.   Filed May 15, 1912.]

1. HUSBAND AND WIFE.—*Purchases by Wife.—Liability of Husband.*—The liability of the husband at common law on contracts made by the wife for articles suitable to her station in life, rests on the principle of the wife's agency. p. 406.

2. HUSBAND AND WIFE.—*Purchases by Wife.—Liability of Husband.—Agency.—Question of Fact.*—Where goods purchased by a wife are the bare necessities of life, the husband's liability therefor is absolute, but for other articles it is a question of fact whether, under all the circumstances, there was an authority, express or implied, for the wife to purchase the articles as her husband's agent, or, if purchased without authority, whether he subsequently ratified the same. p. 406.

3. HUSBAND AND WIFE.—*Purchases by Wife.—Agency.—Cohabitation.*—Cohabitation furnishes merely a strong presumption of the wife's authority to make purchases as the agent of her husband. p. 407.

Cooper *v.* Haseltine—50 Ind. App. 400.

4. HUSBAND AND WIFE.—*Purchases by Wife.—Ratification.*—The husband's ratification of an unauthorized purchase made by the wife may be shown by the fact that the wife, in the husband's presence, wears the articles purchased and he does not object. p. 407.

5. HUSBAND AND WIFE.—*Purchases by Wife.—Agency.—Ratification.—Sufficiency of the Evidence.*—In an action for the price of jewelry purchased by defendant's wife, evidence showing cohabitation at the time of the purchase, that the defendant had promised to purchase jewelry for his wife, and had told her that his credit was good and to get anything she wanted, that when informed by plaintiff of his wife's purchase defendant said that it was all right, but not to sell her any more, and that the wife wore the articles in defendant's presence many times without objection, was sufficient to show either previous authority to the wife to make the purchase, or defendant's subsequent ratification thereof. p. 407.

6. HUSBAND AND WIFE.—*Purchases by Wife.—Necessities.—Question of Fact.*—In an action to recover from the husband for the price of goods purchased by the wife, it is a question of fact as to what are the means and station in life of defendant and his wife, and as to whether the goods purchased are suitable to such means and station, so as to be classed as necessities for which the husband is liable. p. 407.

7. HUSBAND AND WIFE.—*Action for Price of Goods Purchased by Wife.—Necessities.—Complaint.—Sufficiency.*—In an action for the price of jewelry sold to defendant's wife, a paragraph of complaint alleging that at the time of the purchase the defendant was wealthy and worth $200,000 or more, and that to enable his wife to appear properly in the society of those with whom she associated it was necessary for her to have and purchase a diamond stud, brooch, watch and other jewelry of the value of $246, which she purchased of the plaintiff, was sufficient to charge defendant with liability for the amount of the purchase, since, under modern conditions, such articles are suitable to the station in life of a woman whose husband is of the financial and social standing of defendant. p. 408.

8. HUSBAND AND WIFE.—*Action for Price of Goods Purchased by Wife.—Liability of Husband.—Complaint.—Averment as to Agency.*—A complaint alleging that defendant's wife purchased on his credit and in his name articles necessary to, and in keeping with, her means and station in life, was sufficient without an averment that the purchase was made by her as the agent of her husband, as there is a legal presumption of such agency. p. 409.

9. HUSBAND AND WIFE.—*Action for Price of Goods Purchased by Wife.—Complaint.—Sufficiency.—*A complaint for the price of goods sold to defendant's wife need not deny that the wife has otherwise been supplied with articles of the character purchased, such fact being a matter of defense. p. 409.

10. HUSBAND AND WIFE.—*Action for Price of Goods Purchased by Wife.—Complaint.—Allegation as to Agency.—*An allegation, in a complaint for the price of goods sold to defendant's wife, that she was the purchaser for her husband, is a sufficient averment that she was his authorized agent in making such purchase. p. 409.

From Howard Circuit Court, *Lex J. Kirkpatrick,* Judge.

Action by William Haseltine and another against William Cooper. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Joseph C. Herron* and *John W. Kern,* for appellant.
*Bell & Purdum,* for appellees.

IBACH, P. J.—This action was brought by appellees, a firm of jewelers doing business in the city of Kokomo, to recover from appellant the sum of $275 for diamonds and other jewelry sold by them to his wife.

The errors properly presented and not waived are that the second and fifth paragraphs of complaint are insufficient to withstand demurrer for want of facts, that the decision of the court is not sustained by sufficient evidence, and that the decision is contrary to law.

The second paragraph of complaint alleges that during the month of December, 1905, plaintiffs sold and delivered to defendant certain goods, of the value of and for the price of $246, to wit, one diamond stud $150; one brooch $1.50, one scarf-pin $50, one watch $38, one watch fob $5, one food-pusher $1.50, total $246; that said goods were sold to said defendant by and through his wife, Jennie Cooper, she being the purchaser thereof for said defendant, and said goods, wares and merchandise being for her use and benefit as the wife of said defendant. Judgment for $275 was demanded.

The fifth paragraph alleges that during the month of

December, 1905, plaintiffs were engaged in the retail jewelry business in the city of Kokomo; that is, they were retailing all sorts of jewelry, diamonds, watches, and in fact such goods as are usually kept by retail jewelers; that during the month of December, Jennie Cooper was the wife of defendant, and had been his wife for a long time prior thereto; that said defendant was then and there a person of great wealth, having as much as $200,000 or more; that to enable his wife to appear in society, and dress in keeping with her station in life, and fashionably dress herself and properly appear with those with whom she associated, it was essential and necessary for her to have and purchase certain jewelry, wares and merchandise, and that as the wife of said defendant and on his credit and in his name, she, said Jennie Cooper, wife of defendant, did purchase of these plaintiffs, and they did during the month of December, 1905, sell and deliver to her, certain jewelry and wares, at and for the agreed price of $246, and of the value of $246, all of which fully appeared in a bill of particulars filed with said paragraph (said bill of particulars sets forth the same articles described in the second paragraph); that, as alleged, said jewelry and merchandise were articles of wearing apparel and ornaments for the wife of said defendant, and were wholly in keeping with her station in life; that said sum is past due and wholly unpaid, although payment thereof has often been demanded and refused. Judgment demanded as in second paragraph.

There is evidence, which appellee urges is sufficient to support the verdict, which tends to show the following facts: Doctor Cooper, appellant, who was sixty-five years old, and had practiced medicine thirty years in Kokomo, and who was worth by his own testimony from $75,000 to $100,000, and Mrs. Jennie Story, a widow twenty-seven years old, at the time employed as a milliner, were married in September, 1905. Mrs. Story had roomed in the doctor's house during the lifetime of his former wife, of whom she

was a close friend. Before the marriage the doctor gave to
Mrs. Story, as a birthday present, $100, and took her driv-
ing, and showed to her his farms, and told her he was worth
from $75,000 to $100,000, and she could have anything she
wanted after they were married. He purchased from ap-
pellees, and gave to Mrs. Story a diamond engagement ring,
and promised at the time to buy her a larger and better one
after marriage. He told her he would get her a watch after
marriage. The bridal couple went to the Portland Exposi-
tion on a wedding journey. She was furnished after mar-
riage with sufficient wearing apparel, but no diamonds, and
the doctor refused to furnish her with more than a small
amount of money, but told her his credit was good, and she
could get anything she wanted. He paid bills for other
purchases she had made on credit from other merchants.
Appellees were an established firm of jewelers in Kokomo,
knew the doctor and his daughters and his wife. The doc-
tor's married daughters went in society where diamonds
were ordinarily worn, and watches and diamonds were fre-
quently worn by women moving in good society in Kokomo.
The relatives and friends of appellant, and the women with
whom he and his wife associated during their marriage,
were accustomed to wear jewelry of the value and character
of that purchased of appellees, and the doctor's daughters
and the wives of professional and business men worth as
much as appellant were accustomed to wear such jewelry,
and he and his family always moved in good society. When
Mrs. Cooper purchased the goods from appellees she told
them that the doctor had sent her there to get them. When
they sold the goods, appellees knew of no trouble between
the doctor and his wife. She had the diamond stud reset
into a ring for herself shortly after the purchase. The arti-
cles sold were of the value charged for them. She wore the
watch and ring about the house and in the presence of her
husband a great many times, and he made no objection.
Shortly after the purchase was made the doctor told appel-

lees not to sell anything more to his wife on his credit, but on being told that they had already sold her a good bill, said that was all right, but not to sell her any more. About the last of December, some two or three weeks after the last purchase of the jewelry in suit, the doctor instituted divorce proceedings against his wife.

To some of this evidence there is contradiction. It is unquestioned that the doctor followed many practices of simple living, that he cared for and hitched up his own horses, that on returning from the wedding journey the bridal couple commenced housekeeping in the cottage which had been the doctor's residence in the lifetime of his former wife, keeping no servants, and appellant contends that the evidence does in no manner show that the articles purchased were such as are essential and necessary to the well-being of the wife of appellant, and in nowise shows a legal liability on the part of appellant for the articles purchased.

The questions presented for decision are not entirely free from difficulty, and in some respects the authorities are in conflict, and in confusion. We shall be guided by what we believe to be the better rule as deduced from the cases, and that favored by the Indiana decisions. What we shall say in regard to the evidence will largely decide the points raised by the demurrers to the complaint. The question involved is one of agency primarily, but the ordinary principles of the law of agency are, in cases such as the present, complicated somewhat by the relationship of the parties between whom the relation of principal and agent is sought to be established, and by the character of the contract entered into by the wife.

In the case of *Litson* v. *Brown* (1866), 26 Ind. 489, 491, the Supreme Court said: "The husband is bound to support and maintain the wife, and to furnish her with necessaries, and during cohabitation there is a presumption of law, arising from that fact, that the husband assents to contracts made by the wife for the supply of articles suitable

to their means and station in life. It is an implied agency, arising from the marriage relation, during cohabitation.'' See, also, *Watts* v. *Moffett* (1895), 12 Ind. App. 399, 40 N. E. 533.

''The term 'necessaries' is not confined merely to what is requisite barely to support life, but includes many of the conveniences of refined society. It is a relative term, which must be applied to the circumstances and conditions of the parties. Ornaments and superfluities of dress, such as are usually worn by those in the parties' rank and station in life, have been classed among necessaries, and such we recognize the law to be.'' *Clark* v. *Cox* (1875), 32 Mich. 204.

''The term 'necessaries,' in its legal sense, as applied to a wife, is not confined to articles of food and clothing required to sustain life or preserve decency, but includes such articles of utility, or even ornament, as are suitable to maintain the wife according to the estate and rank of her husband.'' *Bergh* v. *Warner* (1891), 47 Minn. 250, 50 N. W. 77, 28 Am. St. 362.

The liability of the husband at common law on contracts made by the wife for articles suitable to her station in life, rests on the principle of the wife's agency. When

1. the goods purchased are the bare necessaries essential to sustain life, it would seem that the husband is absolutely liable; for other articles, it is a question of fact whether, under all the circumstances, there was an authority, express or implied, for the wife to purchase the

2. articles as her husband's agent, or whether if such purchase was made without authority, he subsequently ratified it. *Bergh* v. *Warner, supra; Jones* v. *Gutman & Co.* (1898), 88 Md. 355, 41 Atl. 792; *Wanamaker* v. *Weaver* (1903), 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. 621; *McBride* v. *Adams* (1903), 84 N. Y. Supp. 1060; *Ellenborgen* v. *Slocum* (1910), 121 N. Y. Supp. 1110, 66 Misc. 611; *Bennett* v. *Chamberlain* (1852), 5 Harr. (Del.)

391; note to *Wanamaker* v. *Weaver* (1903), 65 L. R. A. 529, 536; Schouler, Husband and Wife §§106, 120.

Cohabitation furnishes merely a strong presumption of this agency. Note to *Wanamaker* v. *Weaver, supra,* 539.

3. The husband's subsequent ratification is as good as previous authority. It has been held that this may be shown if the wife in the husband's presence wears the articles purchased, and he does not object. *Graham* v. *Schleimer* (1899), 59 N. Y. Supp. 689, 28 Misc. 535;

4. *Ogden* v. *Prentice* (1860), 33 Barb. 160; *Manby* v. *Scott* (1659), Sid., pt. 1, p. 109; *Clark* v. *Cox, supra; Bennett* v. *Chamberlain, supra.*

In the present case, besides cohabitation, there appears abundant other evidence from which the court might infer the fact of authority. When appellant purchased

5. from appellees the diamond ring which he gave to Mrs. Story before their marriage, he remarked to her and to them that he would give her a larger one when they were married. She had lost her watch, and he told her he would get her another. He told her his credit was good, and to get anything she wanted. She told appellees when she purchased the goods in question that the doctor had authorized her to make the purchases, and when he later came into the store and told appellees to extend to her no further credit, and was told that they had already sold her a good bill, he said that was all right, but not to sell her any more. She wore the articles in his presence many times without objection. This evidence is amply sufficient to show either previous authority given by appellant, or subsequent ratification, or both.

Under the fifth paragraph of complaint, the question arises as to whether the articles purchased were suitable to the means and station in life of the wife. This also

6. must be considered as a question of fact, for the means and station of the parties cannot otherwise be

ascertained than as a fact. Some authorities hold that it is a question of law as to whether the character of the goods purchased is such as to constitute them necessaries, and a question of fact as to whether the amounts purchased were necessary. The better reasoning, we believe, is that of the following cases, which hold that the entire question as to character and amount is one of relative fact, to be determined from the circumstances of each case. *Walling* v. *Hannig* (1889), 73 Tex. 580, 11 S. W. 547; *Shelton* v. *Hoadley* (1843), 15 Conn. 535; *Thorpe* v. *Shapleigh* (1877), 67 Me. 235; *Bergh* v. *Warner, supra; Bennett* v. *Chamberlain, supra.*

Under the Indiana rulings, we must hold it to be a question of fact as to what are the means and station in life of the parties, and as to whether the goods purchased are suitable to such means and station. The standard of living is so far advancing, and appellant admits that the standard has advanced in Kokomo, that we cannot restrict the meaning of the terms "necessaries," and "articles suitable to one's station in life," to such articles as they might have included some years ago. It is a matter of common knowledge, of which not even courts can be ignorant, that persons of even much smaller means than appellant are accustomed to provide their wives with jewelry such as that which is the subject of this suit, and that such articles can certainly be said, under modern conditions, to be suitable to the station in life of persons of the financial and social standing of appellant. We regard the allegations of the fifth paragraph as sufficient to show that the articles sold were in keeping with the means and station in life of the party sought to be charged. The evidence is also such that the trial court would have been justified in finding for appellees under the fifth paragraph of complaint.

Since it is averred that Mrs. Cooper as the wife of defendant purchased on his credit and in his name articles necessary to and in keeping with, her means and station in life,

no further averment of agency is needed in the fifth

8. paragraph, for there is a legal presumption of the agency of the wife to purchase such articles.

The husband may rebut this presumption by showing that his wife has been supplied with articles of the character fur-

nished, but such is matter of defense, and need not

9. be negatived in the complaint. *Baker* v. *Carter* (1890), 83 Me. 132, 21 Atl. 834, 23 Am. St. 764; *Clark* v. *Cox, supra; Ellenborgen* v. *Slocum, supra; Wanamaker* v. *Weaver, supra;* Schouler, Husband and Wife §107.

The second paragraph of complaint is sufficient

10. against the objections urged, since the averment that the wife was the purchaser for the husband can only be construed to mean that she was his authorized agent.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 437. See, also, under (1) 21 Cyc. 1216, 1217; (2) 21 Cyc. 1234; (3) 21 Cyc. 1218; (4, 5) 21 Cyc. 1228; (6) 21 Cyc. 1220; (7) 21 Cyc. 1561; (8, 10) 21 Cyc. 1559, 1561; (9) 21 Cyc. 1561. As to the wife as the husband's agent, see 98 Am. St. 628. As to what are necessaries for which a man must pay if bought by his wife, see 93 Am. St. 641. As to the husband's liability for necessaries furnished wife while living with him, see 65 L. R. A. 529.