## MARTZ v. SELIG DRY GOODS COMPANY.

[No. 10,906. Filed June 21, 1921.]

1. HUSBAND AND WIFE.—*Wife Acting as Husband's Agent.*—A husband may constitute his wife his agent so as to render her acts within the scope of her authority binding on him. p. 137.

2. HUSBAND AND WIFE.—*Wife Acting as Husband's Agent.— Contract May be Express or Implied.*—A contract of agency between a husband and wife may be express or implied, and rests on the same considerations which control the creation and existence of the relation of principal and agent between other persons. p. 138.

3. HUSBAND AND WIFE.—*Wife's Implied Agency.—Evidence.— Marital Relation.*—When the authority of a wife to act as agent of her husband is implied, it must be implied from acts and conduct, and not merely from her position as wife, although the fact of marital relation is a circumstance which may be considered along with other facts and circumstances in determining the question. p. 138.

4. HUSBAND AND WIFE.—*Implied Agency of Wife.—Evidence.— Payment by Husband of Bills Contracted by Wife.*—The authority of a wife to bind her husband as his agent in incurring bills may be implied from his conduct in permitting her to contract other bills of a similar nature, or in paying such bills previously incurred. p. 138.

5. HUSBAND AND WIFE.—*Purchases by Wife.—Implied Agency. —Question of Fact.*—Whether a wife has implied authority to purchase articles as her husband's agent, is a question of fact. p. 138.

6. HUSBAND AND WIFE.—*Purchases by Wife.—Implied Agency to Act for Husband.*—A wife had implied authority to pledge her husband's credit in the purchase of wearing apparel suitable to her age and the station in life of both herself and husband, where, on two previous occasions, she had bought clothing from plaintiff and had it charged to her husband, who paid the bills without objection, and plaintiff had no knowledge that husband and wife were having domestic troubles, and no information that the wife had been sufficiently provided with wearing apparel or that the husband did not intend or desire that she should continue to purchase goods on his credit. p. 139.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by the Selig Dry Goods Company against Fred M. Martz. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. J. Neal* and *N. C. Neal,* for appellant.

*Diven & Diven* and *Newberger, Simon & Davis,* for appellee.

REMY, J.—On October 20, 1915, for some time prior thereto, and continuously thereafter until June 18, 1918, appellant and Frances Martz were husband and wife, living together in the town of Arcadia in Hamilton county, Indiana. Appellant was cashier of a bank in which he was a stockholder, had a total income of $125 per month, owned the house in which he lived, and he and his wife moved in the best society of the town. Appellant's father owner property of the probable value of $75,000, and appellant was the only child. On October 20, 1915, appellant's wife, in the name of appellant, purchased of appellee, at its retail store in the city of Indianapolis, a dress at the price of $25, for which sum credit was given to appellant, and the same charged to appellant on the books of appellee. On January 26, 1918, appellant's wife purchased of appellee, and had charged to appellant on the books of appellee, a lady's suit, the price of the same being $39.50. Each of the accounts was paid by appellant upon presentation by appellee of statement therefor. On June 18 and 19, 1918, the wife of appellant, upon his credit as the previous purchases had been made, purchased of appellee, and appellee delivered to her, ladies' wearing apparel the total price of the same being $175; all of which goods were suitable to appellant's wife and to her age and station in life, and were wholly in keeping with appellant's station in life. The goods bought on June 18 and 19, 1918, were at the request of appellant's wife shipped by parcel post to her mother at

Marion, Indiana. On and prior to June 18, 1918, appellant and his wife were having domestic trouble, and on that day they ceased to live together, and three days later appellant's wife commenced a suit for divorce. On the day the divorce suit was begun, appellee was notified by appellant to make no further sales to appellant's wife on appellant's credit, and no goods were thereafter sold to her by appellee. At the time the goods shipped to Marion were purchased, appellant's wife was well and sufficiently provided with wearing apparel by appellant, but of such fact appellee at the time had no information, nor had appellee any knowledge of the domestic trouble of appellant and his wife. The account of $175, for merchandise sold on the credit of appellant, was not paid, and this action by appellee against appellant was commenced to collect the same.

By a special finding, the court trying the cause found the above facts, and, by conclusions of law stated, held for appellee, and rendered judgment against appellant for $175.

The one question involved in this appeal is whether or not, under the facts as found by the court, appellant's wife was authorized to incur the indebtedness represented by the account which is made the basis of the complaint. It is contended by appellant that, since the court found that at the time the goods were purchased his wife was sufficiently provided with wearing apparel furnished by him, she had no authority to pledge his credit; and that, therefore, the court erred in its conclusions of law.

If, at the time the goods were purchased, appellant's wife had no authority to bind appellant except by virtue of her marriage to him, and if a wife cannot be
1. made the agent of her husband to contract for goods beyond what is termed necessaries, there would be more merit in appellant's contention. A hus-

band may, however, constitute his wife his agent so as to render her acts, within the scope of her authority, binding on him. A contract of agency between a husband and wife may be express or implied, and rests on the same considerations which control the creation and existence of the relation of principal and agent between other persons. *Milhollin* v. *Milhollin* (1919), 71 Ind. App. 477, 125 N. E. 217. The authority of a wife to act as agent of her husband, when implied, must be implied from acts and conduct, and not merely from her position as wife. *Bergh* v. *Warner* (1891), 47 Minn. 250, 50 N. W. 77, 28 Am. St. 362. The fact of marital relation is a circumstance, however, which may be considered along with other facts and circumstances in determining the question as to whether or not there is an implied agency. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96. The authority of a wife to bind her husband as his agent may be implied from his conduct in permitting her to contract other bills of a similar nature, or in paying such bills previously incurred. *Bergh* v. *Warner, supra.* As was said by the New York Court of Appeals in the case of *Wanamaker* v. *Weaver* (1903), 176 N. Y. 75, 68 N. E. 135, 98 Am. St. 621, 65 L. R. A. 529: "If a wife is going to a merchant to trade, with whom she is acquainted, and with whom she has been accustomed to trade upon the credit of her husband, she may still continue to do so until the husband gives notice prohibiting the merchant from longer giving credit to her." Whether a wife has implied authority to purchase articles as her husband's agent is a question of fact. *Cooper* v. *Haseltine* (1912), 50 Ind. App. 400, 98 N. E. 437.

It appears from the facts found by the court that prior to the time the debt sued on was incurred, appel-

lant's wife on two occasions had purchased wearing apparel of appellee, and in each instance charged the same to appellant, one of the purchases having been made only a few months before; and that these bills were paid by appellant. It also appears from the finding that appellee had no knowledge of appellant's domestic troubles, and no information that appellant's wife was at the time sufficiently provided with wearing apparel by appellant, nor was appellee advised that appellant did not desire or intend that his wife should continue to purchase goods from appellee on appellant's credit, until notified by appellant, after the sale in controversy was made, "to make no further sales" to his wife.

We hold that, under the facts as specially found, appellant's wife, at the time she purchased the merchandise referred to in the account sued on, had implied authority to act as the agent of her husband, and that the court did not err in its conclusions of law.

Affirmed.