ARNOLD CONSTABLE CORPORATION, Plaintiff, *v.* AUSTIN L. SANDS, JR., et al., Defendants.

Supreme Court, Trial Term, New York County, June 18, 1948.

*Daniel Bayer* for plaintiff.

*Abraham M. Feinstein* for Lylese Sands, defendant.

DICKSTEIN, J. The plaintiff sues to recover the sum of $1,583.83 for goods sold and delivered. Originally both defendants, husband and wife, were included in the action, but since the husband is in the army, the plaintiff moved to sever the action against the husband and proceeded against the wife only. The defendant consented to the severance of the action and raises no objection to the amount involved nor to the delivery of the merchandise in question. There is also no dispute of the fact that *in addition to the husband's credit application*, the defendant wife was also required to sign such application. The defendant claimed, however, that she signed this credit application merely " as a matter of form " and that she expected that the husband would be charged for any merchandise delivered.

While it is true that in the usual course of events household purchases would be charged for and be payable by the husband,

there is no law preventing married women from obligating themselves on purchases nor can a married woman be forbidden to purchase goods on credit. The cases cited by the defendant (*Graham* v. *Schleimer,* 28 Misc. 535; *Zipser* v. *Hardy,* 57 N. Y. S. 2d 482; *Alexander* v. *Jacobson,* 63 N. Y. S. 2d 574) deal with situations where the husband *only* was sought to be charged with liability for his wife's debts incurred in the purchase of necessaries or for legal services. No case has been shown in which a wife could not contract for her individual liability or where she could not be charged for purchases jointly with her husband.

Judgment for plaintiff for $1,583.83, with interest. Fifteen days' stay of execution.