CHRISTIAN C. BERGH *vs.* LUCIEN WARNER.

October 21, 1891.

**Liability of Husband for Goods Sold to Wife.**—If a person sells goods to a wife, he can only hold the husband liable for them either by proof that he expressly or impliedly authorized the purchase, or by proof that he refused or neglected to provide a suitable support for the wife, and that the goods sold were *necessaries.*

**Same—Presumption as to Wife's Authority as Agent.**—The authority of the wife as the husband's agent to purchase goods on his credit may, however, be either express or implied from acts and conduct, as in other cases of agency; and where the goods purchased are such as, in the ordinary arrangement of the husband's household, are required for family use, the presumption is that the wife, if living with her husband, had authority from him to make the purchase.

Same—Purchase of Jewelry.—But *held*, that the evidence in this case was not such as to require a finding that the wife had authority from the husband to purchase the goods sued for (diamond ear-rings) on his credit.

Same—"Necessaries"—Question for Jury.—The term "necessaries," in its legal sense, as applied to a wife, is not confined to articles of food and clothing required to preserve life or personal decency, but includes such articles of utility or ornament as are suitable to maintain the wife according to the estate and rank of her husband; and the question whether the articles furnished were necessaries is, except in a very clear case, a question of fact for the jury.

Same—Husband not Liable.—The evidence in this case failing to show that the husband either refused or neglected to provide his wife with suitable support, plaintiff cannot recover for the goods furnished as "necessaries."

Admitted Cause of Action—Finding.—A second cause of action, however, having been admitted on the trial, should have been found in plaintiff's favor.

Appeal by plaintiff from an order of the municipal court of St. Paul, refusing a new trial after a trial by the court and judgment ordered for defendant. The action was for the price ($65) of a pair of diamond ear-rings purchased by defendant's wife, and for repairs of jewelry amounting to $6.50.

*Lewis E. Jones,* for appellant.

*William G. White,* for respondent.

MITCHELL, J. It is sought in this action to hold the defendant liable for debts contracted by his wife during coverture and cohabitation. The first cause of action is for the price of a pair of diamond ear-rings, purchased by the wife for her own use; the second is for a small sum for repairing certain articles of her jewelry. The wife has, by virtue of the marriage relation alone, no authority to bind her husband by contracts of a general nature. She may, however, be his agent, and, as such, bind him. This agency is frequently spoken of as being of two kinds—*First*, that which the law creates as the result of the marriage relation, by virtue of which the wife is authorized to pledge the husband's credit for the purpose of obtaining those necessaries which the husband himself has neglected or re-

fused to furnish; *second*, that which arises from the authority of the husband, expressly or impliedly conferred, as in other cases. The first of these, sometimes called an "agency in law," or an "agency of necessity," is not, accurately speaking, referable to the law of agency; for the liability of the husband in such cases is not at all dependent upon any authority conferred by him. He would, under such circumstances, be liable although the necessaries were furnished to the wife against his express orders. The real foundation of the husband's liability in such cases is the clear legal duty of every husband to support his wife, and supply her with necessaries suitable to her situation and his own circumstances and condition in life. But the wife's authority on this ground to contract debts on the credit of her husband is limited in its extent and nature to the legal requirements fixed for its creation, of the existence of which those persons who assume to deal with the wife must take notice at their peril. If they attempt to hold the husband liable on this ground, the burden of proof is upon them to show, *first*, that the husband refused or neglected to provide a suitable support for his wife; and, *second*, that the articles furnished were necessaries. The term "necessaries," in its legal sense, as applied to a wife, is not confined to articles of food and clothing required to sustain life or preserve decency, but includes such articles of utility, or even ornament, as are suitable to maintain the wife according to the estate and rank of her husband.

In regard to the much vexed question as to how it is to be determined, in a given case, whether the articles furnished were necessaries, the general rule adopted is that laid down by Chief Justice Shaw, in *Davis* v. *Caldwell*, 12 Cush. 512, viz., that it is a question of fact for the jury, unless in a very clear case, where the court would be justified in directing authoritatively that the articles cannot be necessaries.

In this case the plaintiff utterly failed to establish a right to recover for the articles sued for in the first cause of action as "necessaries." Conceding, for the sake of argument, that, in view of the estate and rank of the defendant, the trial judge would have been justified in finding as a fact that diamond ear-rings were necessaries; yet, so far from there being any evidence that the defendant neglected

or refused to provide his wife a suitable support, it affirmatively appeared that he provided for her amply, and even liberally.

The only other ground upon which the defendant could be held liable was by proof that he expressly or impliedly authorized his wife to purchase the articles on his credit. This is purely and simply a question of agency, which rests upon the same considerations which control the creation and existence of the relation of principal and agent between other persons. The ordinary rules as to actual and ostensible agency must be applied. The agency of the wife, if it exists, must be by virtue of the authorization of the husband, and this may, as in other cases, be express or implied. Her authority, however, when implied, is to be implied from acts and conduct, and not from her position as wife alone. Of course, the husband, as well as every principal, is concluded from denying that the agent had such authority as he was held out by his principal to have, in such a manner as to raise a belief in such authority, acted on in making the contract sought to be enforced. Such liability is not founded on any rights peculiar to the conjugal relation, but on other grounds of universal application. By having, without objection, permitted his wife to contract other bills of a similar nature on his credit, or by payment of such bills previously incurred, and thus impliedly recognizing her authority to contract them, a husband may have clothed his wife with an ostensible agency and apparent authority to contract the bill sued on, so as to render him liable, although she had no actual authority, just as any principal would be liable under like circumstances. It is also true that where the wife is living with her husband, she, as the head and manager of his household, is presumed to have authority from him to order on his credit such goods or services as, in the ordinary arrangement of her husband's household, are required for family use. *Flynn* v. *Messenger*, 28 Minn. 208, (9 N. W. Rep. 759;) *Wagner* v. *Nagel*, 33 Minn. 348, (23 N. W. Rep. 308.) This presumption is founded upon the well-known fact that, in modern society, almost universally, the wife, as the manager of the household, is clothed with authority thus to pledge her husband's credit for articles of ordinary household use. But the articles sued for here are not of that character, and no such presumption would arise from

the mere fact that the parties were living together as husband and wife. To hold the husband liable there must have been some affirmative proof of authority from him, either express, or implied from his acts and conduct. In this case there is an entire absence of any evidence of express authority. Indeed, the evidence tends quite strongly to show that it was his expressed wish that his wife would incur no bills, and that his monthly allowance to her of "pin-money" was intended to avoid any occasion for her doing so. The evidence of acts and conduct on part of defendant tending to show that he had clothed his wife with apparent or ostensible authority to buy any such articles on his credit was exceedingly slight. The mere fact that he furnished his wife with expensive wearing apparel had little, if any, tendency to prove any such fact. The same may be said of the evidence that on one occasion he paid a dress-maker's bill of $136, contracted by his wife, especially as there is no evidence that plaintiff had any knowledge of that fact. As to previous dealings between the parties, the only evidence is that on various occasions plaintiff had sold the wife articles of jewelry for cash, but on one occasion, nearly three years before, he had sold her on credit a bill of jewelry amounting to some $19, the principal item of which was a pair of opera-glasses of the value of $12, and that this bill was charged on plaintiff's books to the wife, but that the husband, about a year afterwards, paid it. We do not think that the evidence was such as to require a finding that the wife had authority to purchase the articles on the credit of the defendant.

The other assignments of error, affecting the first cause of action, are not of sufficient importance to require further mention than to say that we think they are without merit.

Upon the trial the defendant's counsel stated in open court that "defendant admits the items in the bill for repairs, [the second cause of action,] but disclaims any liability for the diamond ear-rings." This must be construed as an admission of the second cause of action. The trial court found against plaintiff on both causes of action. This was, of course, error. Doubtless, it was an oversight, which resulted from the court not having in mind the admission made on the trial. The mistake was one which doubtless would have been prevented or

corrected, without the necessity of an appeal to this court, merely by plaintiff's counsel calling the court's attention to the matter. Under these circumstances, the amount being only $6.50, we do not think the appellant ought to recover statutory costs.

The order appealed from is affirmed as to the first cause of action, and reversed as to the second, but without costs to either party.