KREIGER ET AL., RESPONDENTS, *v.* SMITH, APPELLANT.

[Argued February 15, 1893. Decided July 17, 1893.]

HUSBAND AND WIFE—*Estoppel.*—A husband who has notified a merchant not to let his wife run any bills unless accompanied by his order is estopped to deny the right of his wife to purchase certain goods not necessaries, where it appeared that at the time of their purchase he was present and examined some of the goods and offered no protest or objection, giving her a check in the presence of the merchant to apply on the purchase, and that the goods were delivered at a residence of the husband where his wife resided and he part of the time, and where he saw some of the goods, but which he did not offer to return after knowing they had been charged to him.

*Appeal from Sixth Judicial District, Park County.*

Action for the price of goods sold. The cause was tried before HENRY, J. Affirmed.

*Savage & Day,* for Appellant.

In addition to the absolute right of a wife to pledge her husband's credit for the purchase of necessaries, there is given to the wife the presumptive agency to procure such articles as are usual and proper for her supervision of their domestic affairs. This authority "is purely and simply a question of agency,

which rests upon the same considerations which control the creation and existence of the relation of principal and agent between other persons. The ordinary rules as to actual and ostensible agency must be applied." "To hold the husband liable there must have been some affirmative proof of authority from him either express or implied from his acts and conduct." (*Bergh* v. *Warner*, 47 Minn. 250; 28 Am. St. Rep. 362; 9 Am. & Eng. Ency. of Law, p. 839, § 3; 1 Bishop on Marriage and Divorce, §§ 556, 558; *MacKinley* v. *McGregor*, 3 Whart. 369; 31 Am. Dec. 522; *Keller* v. *Phillips*, 39 N. Y. 351; *Benjamin* v. *Benjamin*, 15 Conn. 347; 39 Am. Dec. 384.) In the case at bar there was no attempt made to show that the husband had failed or refused to supply his wife with the ordinary necessaries. Nor was there any question raised as to the right of the husband to revoke the wife's agency. The theory upon which the trial court proceeded was that the jury might find from the evidence that the husband had waived the revocation of the agency he had already made, or had ratified the act of the wife in purchasing the goods on his credit. There is no evidence of a ratification of the sale. The testimony only goes to the extent of showing that defendant afterwards saw some of the goods in the house where his wife lived, but fails to show any knowledge on his part that the goods had been purchased on his credit, or that he had any control over the property and refused to return them after knowing the facts. There can be no ratification without knowledge. (1 Am. & Eng. Ency. of Law, p. 437.) In fact some of the cases hold that in no event is the husband obliged to return the goods. *Devendorf* v. *Emerson*, 66 Iowa, 698; *Segelbaum* v. *Ensnimger*, 117 Pa. St. 248; 2 Am. St. Rep. 662.)

*A. J. Campbell*, for Respondent.

The testimony of the defendant, showing that he allowed the plaintiffs to part with their property upon the supposition that he purchased the same, and that he received the benefits of the sale, the goods still being in his possession at the time of the trial of this action, he is estopped from denying his liability, and the verdict of the jury was the only one which could have been entered upon the undisputed testimony of the

defendant himself. (*Walling* v. *Hannig*, 73 Tex. 580; *Witter* v. *Hoover*, 24 Neb. 605; *Heney et al.* v. *Sargent*, 54 Cal. 396; *Hopkins* v. *Mollinieux*, 4 Wend. 465; 1 Bishop on Marriage and Divorce, § 618; *Gilman* v. *Andrus*, 28 Vt. 241; 67 Am. Dec. 713; *MacKinley* v. *McGregor*, 3 Whart. 369; 31 Am. Dec. 522.)

PEMBERTON, C. J.—Respondents (plaintiffs below) received judgment in the court below against the appellant (defendant below) for goods, wares and merchandise purchased by appellant's wife, and charged to appellant. From this judgment, and the order of the trial court refusing a new trial, this appeal is prosecuted.

It appears from the evidence that respondents are merchants at Livingston; that appellant had purchased goods of them for some years, and that his wife had also done so, having the goods she purchased charged to appellant; that appellant becoming dissatisfied with the purchasing of goods by his wife and having them charged to him, gave to respondents the following notice in writing concerning the matter: "Krieger & Co., Livingston, Montana. Sirs. Please don't let my wife run any bills unless accompanied by my order. Don't tell her you are forbidden; tell her you must have my order, or would prefer it, and oblige. Yours, W. A. Smith." This notice was given in January, 1890. About May 1, 1890, the appellant, with his wife, visited the place of business of respondents, at least appellant and his wife were together in the store of respondents at that time, for two or three days, during which time the wife purchased of respondents a considerable bill of goods. (The goods sued for in this action.) The evidence tends to show that they were both looking at and examining the goods being purchased by the wife; that the wife called appellant's attention to some of the goods she was selecting and purchasing; that appellant gave his wife during the time a fifty-dollar check; that nothing was said between respondents and appellant at the time about the wife's right to purchase goods and have them charged to appellant; that the wife partially paid on the goods, the whole thereof being charged to the appellant. The goods were afterwards delivered at the residence of appel-

lant at Castle, where it seems the wife generally lived, the appellant spending most of his time at Black Hawk, where he was engaged in business, and had another home. The appellant and his wife were not living separate and apart. He spent a part of his time with her at their home in Castle. It does not appear that the wife had any separate estate or business of her own. The appellant saw some of the goods at his home in Castle when he was there, he testifying that he " stayed there off and on during the summer." The appellant never returned, or offered to return the goods, or any of them, either before or after he knew they had been charged to him. The appellant made no inquiry of his wife at the time he saw her purchasing the goods, or at any other time, as to how they were to be paid for, or as to whom they were to be charged. He testifies that he notified his wife of the notice given respondents, quoted above. It is not contended that these goods were *necessaries* furnished the wife. The appellant is a man of considerable wealth. The case was tried with a jury, and verdict rendered for the amount sued for in favor of respondents.

The appellant contends that the presumptive agency of the wife to procure such articles as are usual and proper for her, according to the financial condition of her husband, was terminated and revoked by the notice offered in evidence, and quoted above; that her authority " is purely and simply a question of agency, which rests upon the same considerations which control the creation and existence of the relation of principal and agent between other persons. The ordinary rules as to actual and ostensible agency must be applied. To hold the husband liable there must have been some affirmative proof of authority from him, either express or implied, from his acts and conduct"; and cites in support of his position the following authorities: *Bergh* v. *Warner*, 47 Minn. 250, 28 Am. St. Rep. 362; 9 Am. and Eng. Ency. of Law, p. 839, § 3; 1 Bishop on Marriage and Divorce, §§ 556, 558; *MacKinley* v. *McGregor*, 3 Whart. 369; 31 Am. Dec. 522; *Keller* v. *Phillips*, 39 N. Y. 351; *Benjamin* v. *Benjamin*, 15 Conn. 347; 39 Am. Dec. 384. But in this case, was there no authority in the wife to purchase these goods on the credit of the husband, reasonably "implied from his acts and conduct."

Here, as shown by the evidence, is a husband and wife living pleasantly together; she has no separate estate or business; he is present seeing her purchase, and, as the evidence tends to show, being by her consulted as to the purchase of a large bill of goods; he offers no protest or objection; he gives her his check to assist in making payment, and all this in the presence of the persons to whom he has given notice not to permit her to buy goods on his account without his order, she knowing of such notice having been given. Can no authority be implied from these acts, and this conduct on the part of the husband? Was the wife not justified, and were respondents not authorized to presume authority in the wife from such acts and conduct of the husband? Were the presence, and these acts and conduct, of the appellant, not equivalent to an order from him? We think so. We think, under the circumstances of this case, the appellant is estopped from questioning the authority of his wife to purchase these goods. We think this holding is decisive of this case.

There are other assignments of error. But, from an inspection of the whole record, we are unable to discover any errors that prejudice the appellant. We think the case was tried and determined on its merits, and that the result should not be disturbed.

The judgment and order appealed from are affirmed.

*Affirmed.*

HARWOOD, J. and DE WITT, J. concur.