S. E. OLSON COMPANY v. CHARLES YOUNGQUIST.

June 2, 1898.

Nos. 11,181—(192).

**Goods Sold to Wife—Liability of Husband—Evidence.**
   *Held,* that the evidence in this case was not such as to justify a finding that the wife had authority from the husband to purchase the goods sued for on his credit.

Action begun in justice court to recover $52.32 for necessaries furnished defendant's wife and minor children. Plaintiff recovered

in that court a judgment for $23.39, and an appeal was taken to the district court for Hennepin county, where the case was tried without a jury before Simpson, J., who found in favor of plaintiff for the amount claimed. From an order denying a motion for a new trial defendant appealed. Reversed.

*Merrick & Merrick,* for appellant.

*P. M. Babcock,* for respondent.

BUCK, J.

The plaintiff brought this action against the defendant, Youngquist, to recover the sum of $52.32, claimed as the reasonable value of certain goods, which it is alleged were necessaries sold by plaintiff to defendant's wife for her use and that of their minor children. These goods consisted of certain wearing apparel, but we do not deem it necessary to pass upon the question as to whether they were necessaries or not, as the order denying the defendant's motion for a new trial must be reversed upon another ground.

There is no claim made and no evidence showing that the husband expressly authorized the purchase of these goods. Nor is there any evidence showing that the defendant's wife ever before this time purchased any goods of plaintiff upon her husband's credit. They were living apart, though he was furnishing her for the support of herself and children a considerable portion of his income, and there is no evidence showing that he ever refused or neglected to support his family in a suitable manner. It is the legal duty of a husband to support his wife and minor children, and do this according to his circumstances and condition in life. There is no presumption that defendant disregarded or disobeyed his legal obligation in this respect, and the burden of proving to the contrary rested on plaintiff, which it failed to do. Of course, the conduct of the wife might be such in some exceptional cases as to destroy this legal duty altogether, but that question is not here involved. There was no evidence to justify a finding that the husband had conferred upon the wife express or implied authority to purchase these goods on his credit, or that he had refused or neglected to provide suitable support for her, so as to authorize her to do so by virtue of the marriage relation. The liability of a husband for

72 M.—28

goods sold on credit to a wife is quite fully discussed and passed upon in the case of Bergh v. Warner, 47 Minn. 250, 50 N. W. 77, and we do not deem it necessary to discuss the question further.

Order reversed.