S. E. OLSON COMPANY v. CHARLES YOUNGQUIST.

April 19, 1899.

Nos. 11,598—(135).

**Purchase of Necessaries by Wife—Liability of Husband—Evidence.**
Where husband and wife are living together, and she purchases goods on his credit, such as, in the ordinary arrangement of his household, are required for family use, the presumption is that she is authorized so to do. But, where they are living separate and apart, the seller, in order to establish the husband's liability for goods purchased by the wife, must affirmatively show the wife's authority in fact, expressed or implied, to pledge his credit, or that the goods sold were necessaries, and that he neglected or refused to provide a suitable support for his wife.

**Decision Sustained by Findings of Fact.**
Rule applied, and *held*, that the trial court's conclusions of law in this case are sustained by the facts found.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Affirmed.

*P. M. Babcock*, for appellant.

*Merrick & Merrick*, for respondent.

START, C. J.

Action to recover for goods sold by plaintiff to defendant's wife. This is the second appeal herein. See 72 Minn. 432, 75 N. W. 727.

The substantial facts, as found by the trial court, are these: The defendant at the times here stated was the husband of Helen Youngquist, and the father of Annie and Clarence Youngquist, minors. He was then living separate and apart from his wife and children, who then occupied, with his consent, his dwelling house, in which he and his wife had previously lived and cohabited. The

fact that he and his wife were not then living together was unknown to the plaintiff. The defendant authorized his daughter, Annie, to purchase of the plaintiff, on his credit, such goods as she might require. Thereafter, and on April 7 and 8, 1897, the defendant's wife and daughter, Annie, purchased of the plaintiff, for his wife and two children, goods of the reasonable value of $52.32, of which the amount of $32.14 was purchased for the use of his daughter, Annie, and the balance thereof for the use of his wife and son, Clarence. All of the goods were then necessary for the comfort and support of his wife and minor children, who did not have such goods, other than those so purchased, and the defendant had not furnished his wife and minor children similar goods to those so purchased. As a conclusion of law, the trial court ordered judgment for the plaintiff against the defendant for the sum of $32.14 only,— the value of the goods sold for the use of his daughter, Annie. The plaintiff appealed from an order denying its motion for a new trial.

The record and assignment of errors present only one question for review. It is this: Do the facts found support the conclusion of law that the plaintiff is entitled to recover only for the goods sold for the use of the daughter, whom the defendant had authorized to buy of the plaintiff, on his credit, such goods as she required? The plaintiff claims that, on the facts found, it was entitled also to recover for the goods sold to the defendant's wife.

The law as to the liability of the husband for goods sold to his wife on his credit is well settled in this state. Where the husband is living with his wife, and the goods purchased are such as, in the ordinary arrangement of the husband's household, are required for family use, the presumption is that the wife had authority from the husband to make the purchase, and the burden is upon him to establish the absence of such authority. But, where they are living separate and apart, the seller, in order to establish the liability of the husband for goods purchased by the wife, must affirmatively show the wife's authority in fact, express or implied, to pledge the husband's credit, or that the goods sold were necessaries, and that the husband had neglected or refused to provide a suitable support for his wife. Bergh v. Warner, 47 Minn. 250, 50 N. W. 77; Schouler, Husb. & W. § 119.

In this case the defendant and his wife were living separate and apart. There is no finding that the wife had actual authority, express or implied, to pledge her husband's credit for the goods, or that the defendant had refused or neglected to provide a suitable support for his wife and family. Therefore the facts found do not justify the legal conclusion that the defendant is liable for the value of the goods sold to his wife. Counsel for plaintiff, however, claims that the finding that the goods were necessaries, and that the husband had not furnished them, necessarily includes a finding that he had been derelict in his duty, and had neglected or refused to furnish a suitable support for his wife. The finding cannot be so construed. It is not reasonable to infer, from the simple fact that the goods were necessaries, that the husband had refused or neglected to provide for his wife, in the absence of any finding that he had been requested to furnish them, or at least that he knew or ought to have known that his wife and family were in need of the goods. The fact that the plaintiff did not know that the wife was living separate from her husband is immaterial in this case, as there is no finding that the plaintiff had ever before sold goods to the wife on the credit of her husband. See Schouler, Husb. & W. § 107. The trial court's conclusions of law were correct.

Order affirmed.