GEORGE H. HUMPHREY & SON v. ALONZO HUFF.

1. **Husband Liable for Burial Expenses of Wife Regardless of Contract of Separation and Her Separate Estate.**

    Burial services and expenses connected with the death of his wife are part of the obligations of support imposed upon a husband by Sec. 7997 G. C. and at common law; hence, a contract of separation between a husband and wife releasing him from all claims for her support and maintenance does not relieve him from payment of her burial expenses and regardless of any separate estate of the wife deceased.

2. **Presentation of Claim for Funeral Expenses of Wife against Her Estate not Condition Precedent to Recovery from Husband.**

    Neither presentation to her administrator of a claim for burial expenses of a deceased wife nor collection of the same from her separate estate is a condition precedent to recovery of such expenses from her surviving husband.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Overturf, Hough & Jones,* for plaintiffs in error:

Cited and commented by the following authorities: *Toledo* v. *Duffey,* 7 Circ. Dec. 113 (13 R. 482); *Chittenden* v. *Chittenden,* 12 Circ. Dec. 526 (22 R. 498); 21 Cyc. 1449; *Phillips* v. *Tolerton,* 20 Dec. 249 (9 N. S. 565), affirmed, no op., *Phillips* v. *Tolerton,* 82 Ohio St. 403; *Eveland* v. *Sherman,* 21 Dec. 726 (9 N. S. 559); *Richter* v. *Richter,* 11 Dec. Re. 377 (26 Bull. 201).

*Marriott, Freshwater & Wickham,* for defendant in error:

Cited and commented by the following authorities: *Garver* v. *Miller,* 16 Ohio St. 528; *Smith* v. *Smith,* 57 Ohio St. 27 [48 N. E. Rep. 28]; *Patterson* v. *Patterson,* 59 N. Y. 574 [17 Am. Rep. 384]; *Schneider* v. *Brier's Estate,* 129 Wis. 446 [109 N. W. Rep. 99; 6 L. R. A. (N. S.) 917]; *Morrissey* v. *Mulhern,* 168 Mass. 412 [47 N. E. Rep. 407]; *Constantinides* v. *Walsh,* 146 Mass. 281 [15 N. E. Rep. 631; 4 Am. St. Rep. 311]; *Hapgood* v. *Houghton,* 27 Mass. (10 Pick.) 154; *McClellan* v. *Filson,* 44 Ohio St. 188 [5 N. E. Rep. 861; 58 Am. St. Rep. 814];

*Rea* v. *Durkee*, 25 Ill. 503; *Mitchell* v. *Treanor*, 11 Ga. 324 [56 Am. Dec. 421]; 3 Schouler, Dom. Rel. Sec. 68, p. 105; *Smyley* v. *Reese*, 53 Ala. 89 [25 Am. Rep. 598]; *Gregory* v. *Lockyer*, 6 Madd. 90; *Hare* v. *Gibson*, 32 Ohio St. 37 [30 Am. Rep. 568]; *Shillito* v. *Duhme*, 3 Dec. Re. 331; 21 Cyc. 1223; *Bonney* v. *Perham*, 203 Ill. App. 634; *Harshaw* v. *Merryman*, 18 Mo. 106; *Richter* v. *Richter*, 11 Dec. Re. 377 (26 Bull. 201).

## SHIELDS, J.

The action below was brought by the plaintiffs in error, plaintiffs below, to recover from the defendant in error, defendant below, upon an account for the funeral expenses and costs of burial of the wife of the defendant.

By answer the defendant set up as a defense that he and his wife, Alice Huff, during her lifetime entered into a written contract "to live separate and apart from each other during the remainder of their natural lives, and for the sum of $200 paid by the defendant to his said wife, and for other satisfactory and valuable considerations it was stipulated in said contract that said wife released the defendant from all and singular the claims she had on the defendant that may arise by reason of their marriage relations and that they should always live thereafter the same as if no marriage between them had ever taken place, and that the defendant was forever released from all claims his said wife may have against him for her support and maintenance."

He further alleged that the terms of said contract were fair, reasonable and just to his said wife under the circumstances of the parties at the time it was made. That all the stipulations contained in said contract were fully complied with by the defendant and that by reason thereof he claims he is released from all claims which his marriage relation imposed upon him.

To this answer the plaintiffs filed a general demurrer which was by said court overruled, to which the plaintiffs excepted, and not desiring to further plead, judgment for costs was thereupon entered in favor of the defendant, to all of which the plaintiffs excepted, and thereupon a petition in error was filed in this court for the review of said judgment.

That the plaintiffs in error rendered the services sued for

Humphrey v. Huff.

is not disputed, nor is the reasonableness of the charge made for the same disputed, but the defendant in error denies his liability therefor not because of his relation as husband but because of the contract of separation set up in his said answer.

It is apparent that in such contract the defendant in error sought to relieve himself of the obligation for the support of his wife, and while the terms of such contract may have been "fair, reasonable and just," do they extend to and cover the burial expenses of his wife? Counsel for the defendant in error argue that the action of the court below in overruling said demurrer was proper, first, because it does not appear that said claim was presented to, allowed or rejected by the administrator of the estate of the deceased wife, and second, that said deceased wife's estate is liable for said burial expenses and that the defendant in error is not liable therefor.

First, the husband is primarily liable for his wife's debts, and even though the separate estate of defendant in error's wife, if she had any, may have been liable for her debts, still one furnishing services and expenses for the wife's burial has the election to proceed either against the surviving husband or the deceased wife's estate to recover for such services and expenses. Here the pleadings fail to show whether or not the wife of defendant in error left a separate estate, but whether she did or did not is immaterial, as we view the case, for plaintiff in error having elected to sue the surviving husband on said account rendered the appointment of an administrator of the estate of the deceased wife unnecessary, and therefore presentation of said account to the administrator of her estate, if one was appointed, was not a condition precedent to bringing suit on the same.

Secondly, did said contract of separation relieve the defendant in error from the payment of the account sued on? Under the common law it was clearly the duty of a husband to pay the burial expenses of his wife, and while the rights and powers of the wife have been materially changed and greatly enlarged by legislation in this state as that she may contract for, acquire and hold property in her own name so that her separate estate becomes bound for any obligation incurred for her benefit upon

the faith of such separate estate, we know of no rule laid down in any adjudicated case in this state that modifies the above rule of common law liability of absolving the husband from the payment of his wife's funeral debts. True it has been held in other jurisdictions that where the deceased wife left a separate estate and her estate was proceeded against, a recovery has been had against such estate.

Section 7997 Gen. Code provides that:

"The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

As was said in *Phillips* v. *Tollerton*, 20 Dec. 249 (9 N. S. 565), "this statute recognizes and is declaratory of the common law. *Toledo* v. *Duffy*, 7 Circ. Dec. 113 (13 R. 482); *Chittenden* v. *Chittenden*, 12 Circ. Dec. 526 (22 R. 498). The enactment of this statute seems to be a distinct recognition of common law duties and liabilities." The support of the wife by the husband, under the terms of the foregoing statute, is made obligatory without reference to any separate estate of the wife. If this is so, what is there to exempt the husband from liability on the claim here sued on? The contract of separation? The contract referred to was undoubtedly a valid contract as between the defendant in error and the deceased wife of the defendant in error, but whether as such it extended to any and all claims that might arise or may have arisen in favor of third persons is not so clear, but this question is not before us at this time. After having investigated the Ohio authorities cited, *Phillips* v. *Tollerton, supra; Eveland* v. *Sherman,* 21 Dec. 726 (9 N. S. 559); *Richter* v. *Richter,* 11 Dec. Re. 377 (26 Bull. 201), based as they seem to be upon sound reason and principle, we are of the opinion that the court below erred in overruling said demurrer, and the judgment of the court of common pleas will therefore be reversed, and said cause remanded to said court with instructions to sustain said demurrer, and for such other and further proceedings as are authorized by law.

Exceptions may be noted.

**Voorhees** and **Powell, JJ.,** concur.