VICTOR BEAUDETTE, et al., *vs.* JOSEPH MARTIN.

York.    Opinion April 8, 1915.

*Assumpsit.    Burden  of  Proof.    Cruelty.    Delivery.    Husband  and  Wife.*
*Ill-treatment.    Living Apart from Husband.    Sale.*

Assumpsit for merchandise furnished to defendant's wife while she was living
separate from him.

*Held:*

1.   The burden was upon the plaintiffs to prove, by a preponderance of evidence,
that the wife was compelled to leave her husband because of his ill-treatment,
amounting in law to cruelty.

2.   The evidence introduced by the plaintiff having established prima facie that
fact, the burden of proceeding changed and it became the defendant's duty to
introduce evidence showing, or tending to show, the contrary, if he would make
such defense.

3.   It is immaterial in such cases to whom the articles were charged.

4.   It is well settled that if the husband abandons the wife, or by his ill-treatment
compels her to leave his house, he is liable for her necessaries and gives her a
general credit to that extent.

5.   When the wife is justified in living apart from her husband, he is not dis-
charged from liability by showing that the contract was in fact made without
his authority and contrary to his wishes, nor will his general advertisement
or particular notice effect the case.

6.   In all such cases, if the husband seeks to escape her pledge of his credit, he
should not only provide suitable necessaries through persons of his own choice,
but make that provision known to his wife.

On motion for new trial by the defendant.    Motion overruled.

This is an action of assumpsit on an account annexed, brought in
the Municipal Court for the City of Biddeford, in the County of
York, at May term, 1914, to recover for certain merchandise furnished
by plaintiffs to the defendant's wife, who was living apart from her
husband.    Plea, the general issue.

The Judge of the Municipal Court gave judgment in favor of the defendant, and the plaintiff thereupon appealed from said judgment to the Supreme Judicial Court. The jury returned a verdict in favor of plaintiff for $14.69; and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Paquin & Webber*, for plaintiffs.

*Louis B. Lausier*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. Action of assumpsit for merchandise furnished to the defendant's wife while she was living separate from him. The jury returned a verdict for the plaintiffs in the sum of $14.69. The case is before this court on the defendant's general motion for a new trial.

The plaintiffs are grocers in the City of Biddeford. Between September 19 and October 8, 1913, they delivered to the defendant's wife upon her request groceries amounting to $14.69. The goods were not charged to the defendant when the account was opened. Whether they were charged to the defendant at all was questioned sharply in cross examination. The plaintiffs claimed that while the account was still open the charges were made to the defendant,—as soon as they ascertained his full name, and the defendant's attorney says that the account was not charged to the defendant until after all the goods were delivered, and therefore contends that the defendant is not liable because, 1—credit was given to the wife and not to the defendant; 2—and because she left the defendant voluntarily and through no fault of the defendant.

The defendant was present in court but offered no evidence. The burden was upon the plaintiff to prove by a preponderance of evidence that the wife was compelled to leave her husband because of his illtreatment, amounting in law to cruelty. The testimony introduced by the plaintiffs from the wife and daughter who were reluctant witnesses, corroborated by the testimony of the Judge of the Municipal Court of Biddeford, and the City Marshal of that city, established prima facie, that fact.

That having been done, the burden of proceeding changed, and it became the defendant's duty, if he would make such defense, to introduce testimony showing or tending to show the contrary. This he failed to do, but relied upon a rigid cross examination to establish his rights.

The principal issue raised was presented to the jury as follows:—"did the wife leave by reason of the fault of the husband, or did she leave by reason of mutual fault, incompatability of temper . . . . displeasure at her surroundings."

The record shows that the case was submitted to the jury under proper instructions, the points made by counsel for defendant and now urged here were fully and correctly covered by the charge of the Justice presiding.

As to the first contention it is immaterial in cases of the kind to whom the articles are charged. As to the second objection, it is well settled that if the husband abandons the wife or by his ill-treatment compels her to leave his house, he is liable for her necessaries and gives her a general credit to that extent. Such is the general rule. *Thorpe* v. *Shapleigh*, 67 Maine, 235. *Hancock* v. *Merrick*, 10 Cush., 41; *Reynolds* v. *Sweetsir*, 15 Gray, 78, 2 Kent Com., 146, 147 Schouler, 5 Ed., Part 2, Sec. 66.

The last authority quoted, adds, "where the wife is justified in living apart from her husband, he is not discharged from liability by showing that her contract was in fact made without his authority and contrary to his wishes, nor will his general advertisement or particular notice to individuals not to give credit to his wife affect the case. The legal presumption must prevail for the wife's protection. In all such cases if the husband seeks to escape her pledge of his credit, he should not only provide suitable necessaries through persons of his own choice, but make that provision known to his wife." *Preston* v. *Bancroft*, 62 Vermont, 86. See *Mahew* v. *Thayer*, 8 Gray, 172.

Husband and wife in this case were living apart. There was no question as to the articles being among the necessaries of life, and suitable to the defendant's condition in life. The controverted questions were all for the jury. There was evidence to sustain the verdict, and we find nothing in the case to warrant granting a new trial.

The entry will be,

*Motion overruled.*