## GUSTAVE KOSANKE v. EMILY KOSANKE.[1]

June 1, 1917.

Nos. 20,307—(113).

**Husband and wife — liability for necessaries for their family.**

1. The statute making both husband and wife liable to third parties for necessaries furnished the family does not change the rule that, as between husband and wife, the duty to furnish such necessaries rests upon the husband.

**Same — when wife may claim reimbursement from husband's estate.**

2. Where the wife pays for such necessaries out of her own funds as a contribution toward the family expenses and without expecting reimbursement therefor, she is not entitled to recover the amount so paid from the estate of her husband, but where she makes such payments without an understanding that they are a contribution by her toward such expenses, for which no reimbursement is expected, she may recover the amount thereof from his estate.

In the matter of the estate of Herman Kosanke, deceased, in the probate court for Ramsey county, Emily Kosanke presented her claim for $365. From an order allowing the claim, Gustave Kosanke, as executor of the last will and testament of Herman Kosanke, deceased, appealed to the district court for that county, where the appeal was heard before Orr, J., who affirmed the order of the probate court. From an order denying his motion for judgment notwithstanding the decision or for a new trial, Gustave Kosanke appealed. Affirmed.

*John C. Zehnder,* for appellant.

*T. P. McNamara,* for respondent.

[1] Reported in 162 N. W. 1060.

Taylor, C.

Plaintiff and Herman Kosanke were married in the fall of 1913, and lived together as husband and wife until his death in January, 1915. Both were well advanced in years at the time of the marriage and both possessed property. By an ante-nuptial agreement plaintiff relinquished all rights in the property of Herman growing out of the marriage relation. Herman left a will giving his property to his children by a former marriage. During the time they were living together as husband and wife, plaintiff voluntarily paid, out of her own funds, bills for household necessaries aggregating the sum of $500, and during this time Herman repaid to her sums aggregating $135. She filed a claim against his estate for the balance of $365. The executor contends that this is not a valid claim against the estate, for the reason that she voluntarily contributed this money toward the household expenses. He argues that as section 7146, G. S. 1913, makes husband and wife "jointly and severally liable for all necessary household articles and supplies furnished to and used by the family," she was merely paying her own debt and is not entitled to reimbursement therefor. Although this statute makes both husband and wife liable to third parties for such necessaries, it does not relieve the husband from the duty to support the family which has rested upon him from time immemorial, and as between husband and wife the duty to furnish such necessaries still rests upon the husband. Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897. Consequently this statute is neither controlling nor important in the present case.

The question here is whether plaintiff used her money to pay the household expenses under circumstances which imported that she did not expect it to be repaid by her husband. If she paid these expenses without expecting that the money would be repaid, she is not entitled to recover it from the estate, but if she paid them in the belief that her husband would repay the money so paid out, she is entitled to recover it from his estate. McNally v. Weld, 30 Minn. 209, 14 N. W. 895; In re Schmidt's Estate, 56 Minn. 256, 57 N. W. 453.

The case was submitted to the trial court upon an admitted statement of facts made in open court. The admissions bearing upon this question are in substance that the husband at all times had sufficient

money in the bank to pay these bills; that the wife voluntarily paid them in the sum of $500 out of her own funds, and that the husband repaid her the sum of $135 of that amount. The trial court made findings in substance the same as the admitted facts, but did not find specifically from these evidentiary facts whether the payments were made with or without the expectation of repayment. The court, however, found as a conclusion of law from these facts that plaintiff was entitled to recover. The admission is not that Herman contributed the sum of $135 toward the household expenses, but that he repaid plaintiff that much of the sum which she had paid out for such expenses. As the repayment of a part of the money is inconsistent with an understanding that plaintiff should make these expenditures without reimbursement therefor, we think the trial court reached the correct result, and the order denying a new trial is affirmed.