Washburn, J.
In this action in the municipal court, John A. Smith, the father of Mrs. E. B. Hardy, recovered a judgment against his son-in-law, E. B. Hardy, for $240, for twenty-four weeks board and lodging, furnished by said father to his daughter, Mrs. Hardy, and her child.
The.record discloses that Mr. Hardy and his sister were raised by their aunt, and that before his marriage Mr. Hardy explained to the prospective Mrs. Hardy that he felt under obligations to maintain a home for his sister, that he could not maintain a 'separate home, and that, when they were married, Mrs. Hardy fully understood and agreed that the aunt and sister should remain as part of his home.
As might be expected, this arrangement did not prove entirely; satisfactory, and, because of the presence in the home of the aunt and sister, and the consequent friction caused thereby, rather than because of any serious misconduct of the husband,, Mrs. Hardy abandoned the home and went to live with her father.
Later, by arrangement between the husband and', wife, the husband paid the wife $4.00 per week, for a time, which was later increased to $6.00 per week, and she made no further demand upon him; and he was willing, and she knew he was willing, to support her and their child in the home he provided and maintained.
The father of Mrs. Hardy made no investigation to ascertain whether his daughter was justified in abandoning her home, and did not make known to the husband the fact that he expected to charge *401 him for the board and lodging of his wife until twenty of the twenty-four weeks had elapsed.
The statutes of Ohio, bearing on the questions here involved, are as follows:
“Sec. 8004. If the wife abandons the husband, he is not liable for her support until she offers to return, unless she was justified by his misconduct, in abandoning him.”'
“Sec. 7996. The husband is the head of the family. He may choose any reasonable place or mode of living, and the wife must conform thereto.”
“Sec. 8003. If the husband neglects to make adequate provision for the support of his wife, any other person, in good faith, may supply her with necessaries for her support,- and recover the reasonable value thereof from the husband.”
Under all the circumstances disclosed by the record, we have reached the conclusion that the trial court was manifestly in error in finding that the misconduct of the husband justified the wife in abandoning the home provided by him, so as to make him responsible for the support furnished her by her father.
Where the husband maintains a home for the wife, which is as good as his means will permit, and the wife objects to the presence of others therein, whom, before marriage, she understood and agreed should be a part of such home, and she abandons such home and returns to her father, and her father seeks to hold the husband for her support, the father should be held to a stricter *402 proof than a tradesman or other parties not related to the wife, as to the necessity of harboring and furnishing her with necessaries. Under such circumstances public policy demands that the good faith of the father be established, and that he produce convincing proof of the misconduct of the husband, which justified the abandonment of the home, and neglect on the part of the husband to make adequate provision for the support of his wife.
This record does not furnish such proof, and the judgment of the municipal court is therefore reversed, as being manifestly against the weight of the evidence.

Judgment reversed.

Patterson, J. (of the Fifth Appellate District, sitting in place of Dunlap, P. J.), and Vickery,J., concur.