## MORSE v. LEWIS.

*Husband and wife—Liability of husband—Medical services furnished wife—Burden of proof—Failure to provide and justification for living separate.*

In an action to recover for medical services furnished by plaintiff to defendant's wife, who at the time such services were rendered was living separate from her husband, the burden is upon the plaintiff to prove not only that defendant failed to provide for his wife's support but also that the wife was justified in abandoning defendant because of his misconduct, and a failure of such proof will defeat recovery.

(Decided November 11, 1921.)

ERROR: Court of Appeals for Summit county.

*Mr. Lloyd R. Read* and *Mr. W. R. East,* for plaintiff in error.
*Messrs. Commins, Brouse, Engelbeck & McDowell,* for defendant in error.

TREASH, J. This proceeding in error is brought by plaintiff in error, Floyd Morse, to reverse the action of the common pleas court in awarding defend-

ant in error a judgment for $150 for medical services furnished to plaintiff in error's wife by defendant in error, Dr. Charles R. Lewis.

An agreed statement of facts, in lieu of a bill of exceptions, was filed in this court, which shows the material facts to be substantially as follows:

Morse and his wife, Gladys, after living together about a year, on September 12, 1917, separated, and have not lived together nor cohabited since that date; several months thereafter, and while living apart, the wife, under an assumed name and representing that she was unmarried, requested medical services from Dr. Lewis, which were furnished without knowledge on the part of the doctor that she was a married woman; some time thereafter the defendant in error learned that plaintiff in error was the husband of his patient and began suit against him for his services.

By the statutes of Ohio it is the duty of the husband to support his family. "The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able." (Section 7997, General Code.)

And by Section 7996, General Code, it is provided: "The husband is the head of the family. He may choose any reasonable place or mode of living, and the wife must conform thereto." As long as the husband fulfills the obligations of the statutes to support his wife and to provide a reasonable place and mode of living, if she does not conform thereto he is not liable for her support unless by his misconduct she is justified in abandoning him.

"If the wife abandons the husband, he is not liable for her support until she offers to return, unless

she was justified, by his misconduct, in abandoning him.'' Section 8004, General Code.

But, on the other hand, Section 8003, General Code, provides:

''If the husband neglects to make adequate provision for the support of his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband.''

Applying the well-recognized rule that all sections of the statutes dealing with the same subject-matter must be construed together it is plainly to be seen that no cause of action arises against the husband for necessaries furnished his wife, by reason of the fact that his wife is not living with him, unless it further appears that he has failed to provide for her support and that such separation is caused by his misconduct, and the burden of proof to establish not only the failure to provide but also the misconduct justifying the separation is upon the one seeking to hold the husband for the necessaries.

In the present case there was no evidence offered showing a failure to provide for the wife, or any misconduct on the part of the husband justifying the separation. The burden of proving such facts essential to justify a recovery was upon the plaintiff, and no evidence being produced of the husband's failure to provide nor of facts justifying a separation, the one upon whom such burden was cast must fail. Accordingly the plaintiff was not entitled to a judgment below. The rule here stated was applied in part in the case of *Hardy* v. *Smith,* 13 Ohio App., 399.

It is urged that a contrary conclusion was reached by the court of appeals in the case of *George H. Hum-*

*phrey & Son* v. *Huff,* 3 Ohio App., 111, but an exam·
ination of the opinion there rendered shows that the
court specifically did not decide the question here
raised, but held that the husband's liability to pay for
the funeral expenses of his deceased wife who had
lived apart from him was an exception to the com-
mon-law rule of the husband's liability, but we have
found no decisions in Ohio which so hold in regard to
medical services or other necessaries furnished dur-
ing the life of the parties where living apart and
without fault on the part of the husband. The great
weight of authority in other states supports the con-
clusion we have here reached.

"In an action for the value of groceries furnished
defendant's wife, who was living separate from de-
fendant, the burden was upon the plaintiff to prove,
by a preponderance of the evidence, that the wife
was compelled to leave her husband because of ill
treatment amounting in law to cruelty, but where
this was established *prima facie,* it then became de-
fendant's duty to introduce testimony showing, or
tending to show, the contrary." *Beaudette* v. *Mar-
tin,* 93 Atl. Rep., 758 (113 Me., 310).

"Where parties are living separate and apart, the
burden is on plaintiff to show that defendant, in an
action for necessaries, did not suitably provide for
his wife." *Farquharson* v. *Brokaw,* 124 N. Y. Supp.,
476.

To the same effect are *Johnson* v. *Coleman,* 13 Ala.
App., 520, 69 So. Rep., 318; *Vusler* v. *Cox,* 53 N. J.
L., 516, 22 Atl. Rep., 347; *Peaks* v. *Mayhew,* 94 Me.,
571, 48 Atl. Rep., 172; *S. E. Olson Co.* v. *Youngquist,*
72 Minn., 432, 75 N. W. Rep., 727; *Denver Dry Goods
Co.* v. *Jester,* 60 Col., 290, L. R. A. 1917-A, p. 957,

and note at p. 969 where subject is briefed, and Swan's Treatise (23 ed.), 577.

The judgment of the common pleas court is reversed for failure of proof to sustain the judgment, and the case is remanded for further proceedings according to law.

*Judgment reversed, and cause remanded.*

WASHBURN, P. J., and PARDEE, J., concur in judgment.