## A. J. ROTERING v. C. D. HIBBARD.[1]

October 22, 1926.

No. 25,558.

**Proof conclusive that goods had been delivered.**

1. In an action to recover the purchase price of goods, the evidence showed conclusively that the goods charged for had been furnished and delivered at the defendant's home.

**In cases under statute cited, husband must pay for necessary supplies for family.**

2. The common law rule that a wife is not authorized to pledge her husband's credit unless he has failed to provide such necessaries as are appropriate to her station in life, or has neglected to furnish her with the means of procuring them, has been modified by G. S. 1923, § 8620, providing that where husband and wife are living together they shall be jointly and severally liable for all necessary household articles and supplies furnished to and used by the family. In cases covered by the statute, a husband must pay for the supplies mentioned, notwithstanding the fact that he furnished his wife with the means of procuring them.

Appeal and Error, 4 C. J. p. 976 n. 91 New.
Husband and Wife, 30 C. J. p. 593 n. 36, 37; p. 611 n. 63, 66.
Sales, 35 Cyc. p. 201 n. 19.

See notes in 65 L. R. A. 529; 47 L. R. A. (N. S.) 279, L. R. A. 1918F, 25; 18 A. L. R. 1131; 13 R. C. L. 1199; 3 R. C. L. Supp. 131; 4 R. C. L. Supp. 852; 5 R. C. L. Supp. 728.

Action in the municipal court of Minneapolis to recover on a claim for goods sold and delivered. The case was tried before C. L. Smith, J., who directed a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*R. M. Uehren,* for appellant.

*J. C. Flahavan* and *G. H. Snyder,* for respondent.

[1]Reported in 210 N. W. 395.

Lees, C.

Action to recover on a claim for goods sold and delivered, brought by the assignee of the claim. At the close of the evidence the court directed the jury to return a verdict in plaintiff's favor. Defendant has appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

To prove the claim plaintiff offered in evidence the ledger sheets of plaintiff's assignor, the Powers Mercantile Company. Defendant objected to their admission in evidence on the ground that the foundation required by G. S. 1923, § 9876, had not been laid. The objection was overruled and an exception noted.

We need not determine whether the ruling was correct. The wife of the defendant testified that she had received statements of the account from the mercantile company, that the statements showed the articles delivered and were correct and covered the several items of plaintiff's claim. This testimony was not contradicted and was sufficient to establish the claim independently of the ledger.

On December 19, 1922, defendant served a notice on the mercantile company reading as follows:

"This is to notify you that on and after this date I will not be responsible for bills contracted for, unless under my personal signature.

"C. D. Hibbard."

The goods in question were sold after the receipt of the notice, were ordered by defendant's wife with whom he was living, and consisted of provisions furnished to and used by defendant's family.

Defendant offered to show that he furnished his wife with sufficient money to pay for necessary supplies for the family table. The offer was rejected and the principal assignments of error relate to this ruling.

Section 8620, G. S. 1923, provides in part that, where husband and wife are living together, they shall be jointly and severally liable for all necessary household articles and supplies furnished to and used by the family. In view of the statute and the undis-

puted evidence as to the nature of the supplies and the use made of them, we think the court was right in rejecting the proffered evidence. Commenting on the statute in Kosanke v. Kosanke, 137 Minn. 115, 162 N. W. 1060, the court said:

"Although this statute makes both husband and wife liable to third parties for such necessaries, it does not relieve the husband from the duty to support the family which has rested upon him from time immemorial, and as between husband and wife the duty to furnish such necessaries still rests upon the husband."

In Bergh v. Warner, 47 Minn. 250, 50 N. W. 77, 28 Am. St. 362, it was held that a wife is not authorized to pledge her husband's credit unless he has failed to provide such necessaries as are appropriate to her station in life, or has neglected to furnish her with the means of procuring them. After that case was decided, G. S. 1894, § 5533, was amended by adding a provision to the effect that necessaries furnished to and used by the family are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately. L. 1899, p. 415, c. 325. The statute in its present form is the result of a subsequent amendment. L. 1901, p. 23, c. 22. We think the statute has modified the common law rule referred to in Bergh v. Warner, supra, and that the husband must pay for necessary household articles and supplies ordered by his wife and furnished to and used by the family while he and his wife are living together, and that his liability to pay therefor is no longer dependent upon proof of his refusal or neglect to provide such supplies.

Order affirmed.