*893 OPINION.
Tuenek :
With reference to the first issue, it is the contention of the petitioner that the income involved is income from an irrevocable trust which during the taxable year was expended for the benefit of his wife and adult children and could under no circumstances be treated as income taxable to him. He points out that his wife had income-producing property of her own having a value in excess of $600,000 and, further, that his children were of legal age and he had no legal responsibility to provide a home for them. On the other hand, the respondent contends that the expenditures in question were in payment of obligations of the petitioner and, as such, constituted income to him.
Except for the payment of $12,000 per annum to Maud van Cordlandt Taylor Hill, which amount is not involved in this proceeding, the petitioner in creating the trust obviously had but one purpose in so far as the income in question is concerned, and that was to provide the funds for the support of the petitioner’s wife and the maintenance of the family home so long as she occupied that home with him. Under Minnesota law these are obligations of the petitioner and it matters not that his wife may have independent means of her own. Kosanke v. Kosanke, 137 Minn. 115; 162 N. W. *894 1060. Furthermore, a husband is liable for goods sold and delivered to his wife for family use, even though he has furnished her with money to pay for the same. Rotering v. Hibbard, 210 N. W. 395. He is also required to maintain his wife according to his estate and rank in life. Cf. Bergh v. Warner, 47 Minn. 250; 50 N. W. 77.
The fact that the trust instrument provided that the petitioner should personally pay one sixth of the expenses of maintaining the home does not make the support of his wife and the maintenance of the family home any the less his obligation, and neither is the fact that adult children are permitted to live there of any significance. The trust in question makes no provision for, and obviously does not contemplate, their separate maintenance.
The petitioner is a man of wealth and the maintenance of a more or less elaborate establishment as his home is in keeping with his financial position. An examination of the expenditures listed indicates that with very few exceptions the items involved are those which might reasonably be contemplated in connection with the maintenance of such a home and there is no showing that they are not proper items in the budget of a family maintaining the social position required of the petitioner and his wife.
That income from a trust which, by its terms, provides that the income is to be used in the payment of a legal liability of the grantor is taxable to the grantor, is no longer in doubt. Douglas v. Willcuts, 296 U. S. 1; and Commissioner v. Schweitzer, 296 U. S. 551; Stokes v. Helvering, 296 U. S. 551; and Helvering v. Blumenthal, 296 U. S. 552, decided per curiam, under authority of Douglas v. Willcuts, supra. The income in question was properly included in the income of the petitioner.
The remaining issue involves the computation of the deduction for charitable contributions. The petitioner contends that the deduction is to be based on net income prior to the deduction of capital losses. In Helvering v. Bliss, 293 U. S. 144, the Supreme Court held that capital net gains should be included in gross income for the purpose of computing deductions for charitable contributions. Subsequently, on the basis of the reasoning contained in that decision, we held in James K. Lockhart, 32 B. T. A. 732, that such deductions were to be determined on net income reduced by capital net losses. This latter decision is determinative of the issue here and the respondent is sustained.

Decision will be entered under Rule 50.