NAGLER et al. v. L'ESPERANCE.

(Supreme Court, Appellate Term.  January 5, 1911.)

1. APPEAL AND ERROR (§ 187*)—PRESENTATION OF GROUNDS IN COURT BELOW
   —MISJOINDER OF PARTIES.
      An objection on the ground of misjoinder of parties defendant cannot
      be raised for the first time on appeal.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1185;.
      Dec. Dig. § 187.*]

2. HUSBAND AND WIFE (§ 23½*)—AGENCY OF WIFE FOR HUSBAND—CONDUCT.
      A husband ratified purchases made by his wife from a shopkeeper, on
      his credit, by thereafter visiting the shop with her, knowing that she
      had ordered the goods, and expressing approval of the purchases.
      [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 147;.
      Dec. Dig. § 23½.*]

3. HUSBAND AND WIFE (§ 23¾*)—AGENCY OF WIFE FOR HUSBAND—ADMIS-
   SIONS BY CONDUCT—CONCLUSIVENESS.
      The sending of a bill for clothing to a wife, instead of her husband,.
      while evidence tending to show upon whose credit the goods were sold;.
      is not conclusive in favor of the husband.
      [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 23¾.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Isadore Nagler and another against Alfred D. L'Esperance, impleaded with another.  From a judgment for plaintiffs, defendant appeals.  Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Leo J. Kersburg, for appellant.
Henry Kuntz (Abraham P. Wilkes, of counsel), for respondents.

GIEGERICH, J.  The plaintiffs brought this action against the defendants, who are husband and wife, to recover the agreed price of certain clothing furnished to the wife.  The husband was alone summoned and alone defended the action.  The action proceeded upon the theory that he was liable for the purchase price of the goods supplied to his wife, and the plaintiffs have recovered this judgment against him.  It is not apparent why the wife was joined as a defendant if the plaintiff's theory was that the husband was liable; but, as no point was made of the fact, we need not consider it, and the action may be considered here, as it was in the court below, as if it had been brought against the husband alone.

It was undisputed that, on the occasion of the first purchase, the wife visited the plaintiffs' shop alone and ordered one of the articles; nothing being said as to who should pay for it.  The husband and wife were at that time, and still are, living together.  It was also undisputed that on the second visit to the shop the husband accompanied the wife, and that the other articles were then ordered.  The goods were all supplied, but were later returned to the plaintiffs by the wife upon the ground that they had been sold with the understanding that they

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

were to be made in such a way as to be entirely satisfactory to her and that she was not satisfied with them.

There was a conflict in the testimony as to what occurred on the occasion of the visit of the husband and wife to the shop; but there was testimony from which the trial court would have been justified in believing that the husband expressed approval of the work which had been completed up to that time and said that when the other articles were finished he would pay for everything. There was also evidence from which the court might have found either that there was no express agreement on the part of the plaintiffs to make the clothes in such a way as to be entirely satisfactory to the wife, or that, if such agreement was made, the wife had no reasonable ground for dissatisfaction. If he reached the former conclusion, he had the advantage of seeing and hearing the testimony of the witnesses, and, if the latter, he was enabled to pass upon the sartorial question involved after a full opportunity to view the lady in the garments, of which his opinion seems to have been more favorable than her own. We have neither of these advantages, but are satisfied with the conclusions which he reached so far as the facts are concerned.

The only question in the case seems to be whether the husband can be held liable, upon any view of the evidence, since the wife did not actually use the articles, but returned them to the plaintiffs.

Counsel for the defendant argues that this is not a case of liability for necessaries furnished and used by the wife, but rather a case of a mere breach of contract on her part for which the husband cannot be held liable. I think, however, that when the husband visited the shop with the wife, and, knowing what she had ordered, either made no objection to the purchases, or, as was testified, expressly approved and promised to pay for them, he ratified her acts in making such purchases and furnished the evidence necessary to establish an agency on her part to make the purchases upon his credit. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. If so, he became liable upon the contract upon ordinary principles of agency.

The fact that bills for the goods were sent to the wife, while an element to be considered in determining whether the goods were sold upon the credit of the husband, or of the wife, was of course not conclusive. Williams v. Glenny, 16 N. Y. 389.

The judgment should be affirmed, with costs.

BRADY, J., concurs. GAVEGAN, J., concurs in the result.