D. Ormonde Ritchie, J.
The respondent makes this motion for an order dismissing the petition herein on the merits.
The proceeding is one brought, pursuant to article 78 of the Civil Practice Act, for an order annulling, inter alla, a resolution adopted by the hoard of directors of respondent beach club suspending the privileges accorded petitioner’s wife as an incident of his membership. The question presented for determination herein is the sufficiency of the notice to petitioner of the proposed disciplinary action. Section 5 of article II of respondent club’s by-laws provides: “The Board shall have the power to reprimand, suspend or expel any member by a two-thirds vote of the entire Board for any violation of rules or by-laws, and for any conduct which in the opinion of the Board is improper and prejudicial to the welfare and reputation of the Club; provided, however, that notice in writing shall be given to the member of the charges against him (or her) and an opportunity afforded him (or her) to make reply thereto in writing.”
On July 14, 1956 a letter over the signature of one of the directors, acting for the board, was sent to and received by *800 petitioner, a part of the contents of which reads as follows: “ that Mrs. Kendrick’s charges and repeatedly expressed dissatisfaction and incitement of fears and, discontent among the members, and defiance of the Club’s management, rules and regulations (sic) require corrective action. You, as the responsible member of the Club, have been unwilling or unable to rectify this intolerable condition. The Board considers that groundless criticism and expressed personal animosity to the management by Mrs. Kendrick are prejudicial to the Club’s best interest and welfare and unjustifiably infringe upon the rights of members to the peaceful and happy enjoyment of the Club’s facilities.” (Emphasis supplied.)
On July 17, 1956 petitioner in a letter addressed to respondent club requested specification of the charges in the following language: “In connection with the meeting of July 21, 1956, may I request that the written charges and specifications against Mrs. Kendrick and myself be served upon us at that time, which shall name the complainant or complainants and detail the complaints against us. It will save considerable time if these charges and specifications embody the details normally contained in a bill of particulars and I would, therefore, suggest that they be so prepared.”
At this point, comment may be made that petitioner is a member of the legal profession and that among the members of the board of directors of the club is a member of the same profession.
The written specification of charges requested by the petitioner was denied by the board of directors (minutes of the special meeting of the board held July 21, 1956) upon the ground that the board’s letter of July 14, 1956 adequately set forth the nature of the complaints. Petitioner attended the special meeting and thereafter and on July 31, 1956, a letter and copy of the resolution of the board suspending Mrs. Kendrick’s privileges were sent to the petitioner. The resolution specifies in detail the acts and conduct of petitioner’s wife ’ resulting in her suspension. The foregoing recital of the club’s procedure in instituting and maintaining the disciplinary action is set forth herein, since the precise issue presented is that of the sufficiency of the notice of charges considered with the requirements and provisions of section 5 of article II of the by-laws.
One who joins an organization impliedly agrees that the charter and by-laws shall determine his rights and status in relation to the organization and his fellow members. He also agrees to be subject to disciplinary action as prescribed in the *801 by-laws. Conversely, if subjected to penalties imposed by the by-laws he is entitled to the protection afforded by them and they are equally binding upon the organization as upon the member, particularly in proceedings to terminate membership or suspend privileges, an action which entails forfeiture. In Polin v. Kaplan (257 N. Y. 277, 281-282) the court stated: “ The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members. As the contract may prescribe the precise terms upon which a membership may be gained, so may it conclusively define the conditions which will entail its loss.”
The contract or the conclusiveness of the terms of membership and suspension are not unilateral. They are equally binding and conclusive upon the member and the organization. Membership carries with it valuable material privileges to the member and those privileges are not to be divested except in strict compliance with the by-laws governing divestiture.
The respondent complains that petitioner’s position is veiled by an untenable technical contention that the procedure of a small private social club has to be conducted with the legal nicety of proceedings at law; that the conduct of private corporate affairs should be subject to as little interference by the courts as possible, and that petitioner’s complaint is directed to the board’s judgment against him. In an alternative position the respondent alleges in the answer to the petition that petitioner’s appearance at and participation in the meeting held July 21 constituted a waiver of any defect in the notice. None of these contentions has merit. While the court is in agreement that the legal niceties of proceedings at law be not required in procedure governing the conduct of affairs of a small social club, yet neither does the court subscribe to an abandonment of the requirements of the by-laws prescribing that procedure particularly where the penalty is forefeiture. The section of the by-laws governing disciplinary action directed that notice in writing of the charges made be given the member and an opportunity afforded him to make reply thereto in person or writing.
The merest examination of the emphasized charges set forth in the letter of July 14 reveals their absolute conclusory nature whether regarded in a legal light or by lay interpretation. The by-laws state that an opportunity be afforded a member charged, to make reply to the charges in writing. It is patent that the wording of the charges in the letter attempted to be construed as the notice required by the by-laws constituted a *802 deprivation of the right to make a reply thereto in consequence of their generality and the absolute lack of specification to which a reply in writing might be made.
The court will intervene and scrutinize the procedure taken in private corporate affairs where found to be violative of the procedure prescribed by the by-laws, particularly in corporate actions entailing suspension of membership with the resultant forfeiture of privileges. Scrutiny of the. procedure followed by respondent leads the court to the conclusion that the notice relied upon was neither in keeping with the stated provisions for spirit of the by-laws and in consequence was violative ' thereof.
The court is not concerned with nor does it pass upon the merits of the ultimate findings of the board. It is concerned with compliance with the by-laws in instituting the procedure and, in finding noncompliance, rules that all subsequent actions were invalid.
Finally, it is determined that petitioner’s attendance at the hearing did not constitute a waiver of the found defect in the notice. The minutes are replete with petitioner’s repeated assertions that he was there “ to listen The court will not attempt to pinpoint the mental operation attendant upon these assertions. A reasonable inference to be drawn therefrom, however, is that petitioner’s position was that he declined active participation in the hearing, electing to preserve his subsequent claim of improper notice.
For the reasons stated the petitioner’s application insofar as an order is sought annulling the resolution of respondent is granted. In all other respects it is denied. The respondent’s motion is granted to the extent of vacating all prior stays granted herein, and in all other respects it is denied.