Robert O. Brink, J.
The above-named plaintiff has brought an action against the defendant fraternal benevolent lodge and its officers for the purpose of restraining them from denying plaintiff the benefits and privileges of membership in the defendant organization; for a judgment providing that the action of the house committee of the defendant suspending the plaintiff and fining him $200 was null and void, and granting damages to the plaintiff against the defendants in the sum of $1,000.
The case was tried at the December Broome Equity Term before this court, without a jury.
Prior to May 3, 1966, the plaintiff had been a member of the lodge for 16 years. On or about May 3, 1966, the plaintiff received a letter from the secretary of the defendant’s house committee advising him that he had been suspended from the social rooms of the lodge and had been fined the sum of $200 for defamation of the lodge.
Plaintiff appeared on May 16, 1966, at his request, at a meeting of the house committee. No minutes were preserved of that meeting. At that time plaintiff was advised by the house committee that he had been suspended on a charge of defamation. Plaintiff testified that no further details were discussed. It seems apparent from the testimony of several of the defendants that there had been several complaints against the conduct of the plaintiff, but it seems apparent that they did not understand the definition of the word 1 ‘ defamation 5 ’ as applied to plaintiff’s conduct.
*40 Subsequently an action was commenced by the plaintiff by the service of a summons and complaint upon the defendants. Following this, an attempt was made to settle the differences between the parties; the $200 fine was remitted and the action was discontinued, without prejudice, on March 8, 1968.
The defendants have never consented to allow plaintiff the club privileges of the lodge rooms and recreational facilities. Plaintiff offered to pay dues for the year 1967, but they were refused unless payment of the $200 fine was included. Plaintiff has refused to pay his dues by reason of the fact that he had been denied the privileges of the club rooms. It is the plaintiff’s contention that by reason of his unlawful deprivation of membership privileges, he has been deprived of certain hospital and sick benefits which have accrued since his suspension.
Although courts do not normally interfere with the internal affairs of voluntary associations and membership corporations in regard to their disciplinary procedures, the courts have assumed jurisdiction where a member of a mutual benefit society has been wrongfully suspended and his property rights affected or impaired. (Dennis v. Massachusetts Benefit Assn., 120 N. Y. 496, 504.) The Moose club is a benevolent fraternal organization, and as a member, plaintiff had certain property rights.
The suspension by the house committee was effected without due process and may have been motivated by extraneous facts. Although it is apparent that the officers and members of the house committee might have had justification for complaint against the plaintiff for his conduct, in and out of the lodge rooms, it is disclosed from the evidence that the plaintiff had had political differences in the organization with its officers, and on one occasion had attempted to cause trouble by contacting the police concerning an alleged dispensing of an alcoholic beverage on a Sunday morning.
The charge upon which plaintiff was apparently suspended from house privileges was vague and indefinite and not understood by the members of the house committee. (Matter of Kendrick v. Watermill Beach Club, 8 Misc 2d 798.) In the opinion of this court, the house committee had the power to, punish the plaintiff for improper conduct. (Constitution and By-Laws of Loyal Order of the Moose, tit VIII.) However, it did not have the power to fine him, nor could it permanently deprive him of house privileges, as it apparently has tried to do, and expect him to pay his dues in the organization. If it was the *41 intention to bar him permanently from the club rooms, proceedings should have been instituted to revoke his membership, in accordance with the procedures provided in the constitution and by-laws of the organization. This was never attempted.
The present action was commenced in or about the month of April, 1969. After considering all of the facts, including plaintiff’s attempt to pay his dues, the attempted settlement with the discontinuance of the prior action, the continuous denial to plaintiff of the privilege of using the club rooms, it is this court’s opinion that it would be inequitable and unjust to charge the plaintiff with laches.
Under the existing circumstances, this court must find that the plaintiff has been improperly denied membership in this organization and the privileges thereto, from the date of his suspension by the house committee, to wit: May 3, 1966. Under the circumstances, he should be entitled to the following relief:
1. He should be restored to full membership upon the date of entry of the judgment herein, upon the payment of dues for the year 1971, with dues unpaid for the years 1967, 1968, 1969 and 1970 canceled.
2. The plaintiff should be permitted to file proof of claim for any sick benefits or hospital benefits accruing during the years 1967, 1968, 1969, 1970 and 1971 to date, and such claims shall be considered, upon proper proof presented, regardless of any time limitation provided in the by-laws or rules of the organization. In the event that any such claims are approved, the unpaid dues for that particular year or years shall be deducted from the same.
3. Upon entry of judgment herein, the suspension against the plaintiff shall be removed and the plaintiff shall be permitted to enjoy the facilities and privileges of the lodge rooms.
A judgment containing the foregoing provisions shall be entered against Johnson City Lodge No. 311, Loyal Order of the Moose.
Collectible pecuniary damages have not been established in the action and therefore, plaintiff’s claim for money damages is dismissed. The action is also dismissed against the individual defendants, on the ground that the liability established herein is apparently collective as officers of the lodge, and liability has not been established against any individual member of the house committee.