OPINION OF THE COURT
David Otis Fuller, J.
In this contract action, plaintiff club moves for summary *934 judgment against defendant Markusen pursuant to CPLR 3212 on all issues except Markusen’s counterclaim for alleged wrongful exaction of a legal fee. Markusen cross-moves for summary judgment or dismissal of the club’s complaint.
The claimed contract arises out of services provided by the club. In 1981, Markusen’s wife (now deceased) wrote the club that she and her husband wished to sponsor a wedding reception there for their niece, the daughter of Font, for about 125 guests. The letter was typed at defendant Markusen’s office by one of his employees. The club accepted the request in writing through its manager and the reception was held at the club in June of that year. Defendant Markusen attended the reception as a Font guest.
The club rendered a bill to Font of $7,404.88 on June 17, 1981. Because Font paid only $2,000 toward the bill, she and Markusen were sued by the club in Supreme Court, Westchester County, for the balance and a default judgment was obtained against Font which was not satisfied. By order dated February 9, 1987, the case against Markusen was transferred under CPLR 325 (c) to the Town Court of Eastchester, which in turn transferred the matter to this court on March 4, 1987 because both Justices there recused themselves.
Markusen, conceding that there are no disputed material issues of fact, requests summary judgment on the ground that there is no writing that binds him for the services rendered by the club to another (Font) as required by section 5-701 (a) (2) of the General Obligations Law, and that recovery against him is thus barred.
Section 5-701 (a) (2) provides as follows:
"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking * * *
"2. Is a special promise to answer for the debt, default or miscarriage of another person”.
The difficulty with Markusen’s argument is that, through his wife, he is already committed in writing to be responsible for the Font reception. He testified at his deposition that he was a regular member of the club at the time in question and that his wife was granted access to the social and other areas of the club. Markusen admitted in his answer that he had requested permission for his niece to use the club facilities for a wedding reception. By the terms of his wife’s letter, the *935 wedding was requested under the aegis of his membership. His membership was, thus, responsible for the charges.
Moreover, Mr. Markusen is also responsible for the charges under the then-effective bylaws of the club providing that "[a]ny member securing the privileges of the Club for a nonmember shall be liable for any indebtedness to the Club incurred thereby.” The bylaws are binding on the members. (Matter of Kendrick v Watermill Beach Club, 8 Misc 2d 798, 800 [Sup Ct, Suffolk County 1957]; see, Westchester Golf Club v Pinkney, 43 Misc 338 [App Term 1904].)
Markusen claims, though, that his wife’s signature could not be used to bind him. This contention is without merit. He admitted that he had a membership in the club which covered her as well. To uphold his argument would be to accept the principle that for a family membership in the club, the husband would not be bound for services ordered by the wife and presumably by any children as well. Defendant Markusen has submitted nothing to indicate that a family membership at the club operated in this fashion. Indeed, his wife had implied authority to sign for his account. (See, Wanamaker v Weaver, 176 NY 75, 83 [1903].) Moreover, through his participation in the sponsorship of and attendance at the wedding party, he ratified his wife’s written request. (Nagler v L’Esperance, 126 NYS 655, 656 [App Term 1911]; Graham v Schleimer, 28 Misc 535, 536 [App Term 1899].) Since the club membership was his, his account was responsible for charges made to it by him or members of his family.
For the reasons stated, plaintiff’s motion for summary judgment is granted. The amount requested by plaintiff, however, is in excess of $5,000. Because the jurisdictional limit of this court in transferred cases is $5,000 (UJCA 214; but cf., CPLR 325 [c]), judgment in excess of $5,000 cannot be awarded. Judgment is accordingly awarded for $5,000 in favor of the plaintiff and against defendant Markusen plus interest, costs and disbursements. The defendant’s counterclaim remains outstanding.