WILLIAM BERTERMANN *v.* GRAHAM'S OF GLENDALE, INC. ET AL.

[No. 1271A273. June 26, 1972. Rehearing denied August 15, 1972. Transfer denied January 9, 1973.]

*Philip F. Boberschmidt,* of Indianapolis, for appellant.

*William W. Knowles,* of Indianapolis, for appellee.

SULLIVAN, J.—Defendant-appelant maintained an open account with plaintiff-appellee Graham's of Glendale, a furniture store. This appeal involves credit purchases made on that account in the amount of $1654.44 by appellant's ex-wife Rayma, a defaulted co-defendant below and an appellee herein.

The record indicates that on May 9, 1964 appellant instructed appellee-Graham's that only he (appellant) could make charges against his account. Accordingly, Graham's attached a notation to appellant's ledger sheet which reads as follows:

"May 9, 1964
Mr. Wm. Berterman advised Harry Lindsteadt no one is to charge to his account except he personally."

This restriction was construed by Graham's solely as an attempt to terminate credit privileges of a former wife of appellant and not with respect to the spouse involved in this litigation.

On May 11, 1965 appellant married appellee-Rayma. Thereafter, appellant introduced Rayma to a Graham's salesman following which purchases were made upon appellant's account while he and Rayma were in each other's presence. In consequence, thereof, Graham's assumed that appellant's self-imposed restriction on his account had been removed, and that the account had been extended by Mr. Bertermann to purchases made in Rayma's name.

In December, 1965, one month after appellant and Rayma separated, the latter made the purchases in question. Appellant was not present and had no knowledge that the contested items had been ordered. When appellant was put on notice that such purchases had been made against his account, he telephoned Graham's advising that such purchases were unauthorized, recounting for them the restriction upon his ledger sheet and indicating that the restriction had not been relaxed. Later, appellant and Rayma were divorced.

The suit below was upon open account[1] and ensued as a result of appellant's failure to compensate Graham's for the purchases made by Rayma. Trial was to the court and a judgment was entered against appellant for $1300.00, plus costs. Appellant timely filed his motion to correct errors which was overruled.

Appellant has presented several questions for our determination which can be consolidated into one issue and stated as follows:

Where a husband has restricted a credit account solely to his own use, may said credit be extended to his wife without authorization from the husband?

---

1. Plaintiff Graham's very specifically denies any intent to recover upon a theory that the goods purchased by Rayma were necessaries.

Parenthetically, our attention is called to the fact that appellant received an $1800 credit in the form of a modification of property rights as set forth in the Bertermann's divorce decree. Appellee asserts that the $1800 credit was given because Rayma failed to return the furniture to either appellant or Graham's and that the amount of the credit was earmarked to represent the price of the furniture which is the subject-matter of the instant case. This position is contrary to the record. The credit given to appellant by court order modifying the divorce decree represents unreturned personalty owned by appellant and in the possession of Rayma—not the furniture in question; therefore, the credit does not serve as a basis for affirmance of the decision of the trial court.

With reference to the question before us and as above posed, generally a husband by his own conduct may estop himself to deny the implied authority of his wife to purchase on his credit. For example, in *Martz* v. *Selig Dry Goods* (1921), 76 Ind. App. 135, 131 N. E. 528, where on two prior occasions the wife purchased clothing on the account of her husband who paid the bills, this court held that authority of the wife to make subsequent purchases was implied inasmuch as the plaintiff-merchant was not given notice prior to such purchases that the husband's credit could no longer be pledged by the wife.

In the case before us, the record establishes only that the appellant himself, while in the company of Rayma, made purchases on appellant's account for which he later paid. The record, however, is devoid of any evidence affirmatively establishing that charges were actually made on appellant's account by Rayma prior to the separation. Bearing in mind that appellant never authorized removal of the account restriction appearing on appellant's ledger sheet, we note and lay stress upon the fact that each account receipt placed into evidence representing pre-separation charges carries only the signature of appellant. Admittedly, none of these pur-

chases can reasonably be construed to represent an extension by appellant of his credit to Rayma or an acquiescence by him that something less than his own physical presence and signature would be required for charged purchases at Graham's.

By reason of the unremoved restriction on appellant's ledger coupled with our examination of the salient facts, we are led inescapably to conclude as a matter of law that appellant did not expressly or impliedly represent Rayma as being empowered or authorized by him to charge against his credit. *See Allen* v. *Selig Dry Goods* (1929), 90 Ind. App. 290 at 296, 165 N. E. 338 at 339.[2]

We, therefore, reverse the decision of the trial court as contrary to law, and remand the cause with instructions to enter judgment for the defendant.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 284 N. E. 2d 117.

---

2. Although the *Allen* case involved a pledge of the husband's credit by the wife, as opposed to the husband's already existing credit being extended to her, the case lends authority for the particular proposition stated.